■ In the Matter of CINDY CATALANO, Appellant, v DAVID CATALANO, JR., Respondent. [812 NYS2d 616]—

In a child support proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Rockland County (Warren, J.), entered January 26, 2005, which denied her objections to an order of the same court (Baum, S.M.), dated September 27, 2004, which denied her violation petition, inter alia, for arrears which accrued prior to March 12, 2004.

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof denying the mother's objections to that portion of the order dated September 27, 2004, that denied that branch of her petition which was for arrears which accrued prior to March 12, 2004, and substituting therefor a provision granting the objections to that portion of the order; as so modified, the order entered January 26, 2005, is affirmed, without costs or disbursements, so much of the order dated September 27, 2004, as denied that branch of the mother's petition which was for arrears which accrued prior to March 12, 2004, is vacated, and the matter is remitted to the Family Court, Rockland County, for further proceedings in accordance herewith.

Following the parties' divorce in 1990, the mother relocated with the children to New Jersey, while the father re-located to Florida. Orders of the Family County, Rockland County, dated January 15, 1999 and October 4, 2000, directed the father to pay for the support of the parties' three children.

In June 2002 the parties' older son relocated to Florida to reside with the father. An order of the New Jersey Superior Court dated March 12, 2004 terminated the New York support orders with regard to that son effective June 2002.

Where a child support order issued by a tribunal of this state is modified by a tribunal of another state pursuant to the Uniform Interstate Family Support Act, this state loses continuing exclusive jurisdiction with regard to prospective enforcement of the order (*see* Family Ct Act § 580-205 [c]; *De Almeida v Callahan,* 298 AD2d 152 [2002]; *Mamberg v Epstein,* 272 AD2d 200 [2000]). The Family Court found that since the New Jersey order dated March 12, 2004 terminated the father's support obligation as to one of the children effective June 2002, the court lost continuing, exclusive jurisdiction over the enforcement of the prior New York orders as of June 2002.

However, this state may enforce the order that was modified by another state's tribunal, as to amounts accruing before the out-of-state modification (*see* Family Ct Act § 580-205 [c] [1]). In this case, the New Jersey order modifying the New York order was dated March 12, 2004, and the court erred in dismissing the violation petition to the extent it sought arrears which accrued before that date.

Accordingly, we remit the matter to the Family Court for a hearing on so much of the mother's violation petition as sought arrears which accrued before March 12, 2004. Crane, J.P., Luciano, Skelos and Lifson, JJ., concur.