In the Matter of RISA KELLERMAN, Respondent, v KEVIN ROSS, Appellant. [46 NYS3d 921]—

Appeal by Kevin Ross from an order of the Family Court, Queens County (Robert I. Caloras, J.), dated February 16, 2016. The order denied the father's objections to an order of that court (Michael J. Fondacaro, S.M.) dated December 18, 2015, which dismissed his petition to vacate the registration in New York of a contempt order issued by a Florida court based on his violation of a prior Florida child support judgment.

Ordered that the order dated February 16, 2016, is affirmed, without costs or disbursements.

The respondent mother registered, in the Family Court, a contempt order dated December 4, 2014, issued by a Florida court (hereinafter the Florida order). The Florida order was based on the father's violation of an October 4, 2000, Florida child support judgment. The father commenced this proceeding to vacate the registration of the Florida order, primarily on the ground that the Florida court lacked subject matter jurisdiction over the matter of child support. A Support Magistrate dismissed the petition, and the Family Court denied the father's objections to the Support Magistrate's order.

The Family Court properly denied the father's objections to the Support Magistrate's order dismissing his petition. As the Family Court determined, the father set forth no grounds to vacate the registration of the Florida order (*see* Family Ct Act § 580-607). Contrary to the father's contention, the Family Court properly recognized the "continuing, exclusive jurisdiction" of the Florida court over the matter of child support, based on the Florida court's issuance of a child support judgment "pursuant to the Uniform Interstate Foreign Support Act or a law substantially similar to that act which modifie[d] a child support order of a tribunal of this state" (Family Ct Act § 580-205 [c]; *see Matter of Catalano v Catalano*, 27 AD3d 734, 735 [2006]). Mastro, J.P., Balkin, Cohen and Brathwaite Nelson, JJ., concur.