■ Mariann Mamberg, Formerly Known as Mariann Epstein, Respondent, v Jeffrey Epstein, Appellant. [707 NYS2d 439] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered November 10, 1999, which, upon plaintiff's application seeking a money judgment in the amount of defendant's child support arrears, and also seeking a modification of the parties' divorce judgment so as to increase defendant's periodic child support payments and to direct his purchase of a life insurance policy designating the parties' child as beneficiary, denied defendant's cross motion to dismiss the application for lack of jurisdiction, unanimously modified, on the law, to dismiss the application insofar it seeks an upward modification of child support payments and to compel defendant's purchase of a life insurance policy, and otherwise affirmed, without costs.

New York does not have continuing, exclusive jurisdiction to modify the child support provisions contained in the parties' New York divorce judgment, since neither party nor the child any longer lives in New York (Family Ct Act § 580-205 [a]). Any claims urging New York's exclusive jurisdiction that defendant made before a "Master" who issued a "Recommendation" in a prior, similar proceeding in another State do not warrant estopping defendant from asserting the statutory mandate that either the obligor, obligee or child live in New York. Nor should New York modify the child support provisions of its judgment where neither party nor the child has lived in New York since shortly after that judgment was entered in 1991 (see, Reichenbacher v Reichenbacher, 1999 Pa

Super 99, 729 A2d 97). However, it does remain an appropriate exercise of jurisdiction for New York to enforce payment of the arrears that have accrued under those still unmodified provisions (Family Ct Act § 580-205 [c]), and, in that respect, the motion to dismiss was properly denied. Concur—Williams, J. P., Tom, Mazzarelli and Buckley, JJ.