Docket No. 96581–Agenda 13–January 2004.

JOHN “JERRY” ZAABEL, Petitioner, v. THE HON. JAMES J. KONETSKI, Associate Judge of the 18th Judicial Circuit, 
et al.
, Respondents.

Opinion filed March 11, 2004.

JUSTICE GARMAN delivered the opinion of the court:

This is an original action for a writ of prohibition. Petitioner asks this court to issue the writ to prevent respondent Judge James J. Konetski from taking any further action on a “Petition for Civil Contempt and Sanctions” filed by respondent Doris L. Kunz in the circuit court of Du Page County. For reasons that follow, the writ is denied.

BACKGROUND

The following undisputed facts are drawn from the pleadings submitted by the parties. The marriage of John “Jerry” Zaabel and Doris L. Zaabel, now known as Doris L. Kunz, was dissolved by a judgment entered in the circuit court of Du Page County on December 8, 1986. Two children were born to the marriage: Robert W. Zaabel was born in 1980, and Jeremy S. Zaabel was born in 1984. A written settlement agreement, dated November 26, 1986, was incorporated into the judgment of dissolution. Under the settlement agreement, Doris retained custody of the children. The settlement agreement also provided, 
inter alia
, for Jerry to pay certain “extraordinary” medical expenses incurred by the children, and that “[e]ach party shall pay for the trade school or college and professional education expenses of the children.” Some time after the divorce, Doris moved to Iowa with the children, where they currently reside. Jerry moved to Arizona, where he currently resides.

On July 23, 2001, the circuit court of Du Page County entered an agreed order whereby Jerry was ordered to pay (1) $7,000 for medical expenses of the children pursuant to the judgement of dissolution and (2) $750 per semester to Robert, based upon Robert’s being a full-time student enrolled at an accredited college during the 2001-02 school year. Jerry does not deny he signed the agreed order.

On February 4, 2003, Doris filed a “Petition for Indirect Civil Contempt of Court and Other Relief” in the circuit court of Du Page County. Count I of Doris’ petition asks the court, 
inter alia
, to order Jerry to pay past due extraordinary medical expenses. Count II asks the court to order a division of expenses for each year of post high school education for both children. Count III asks for the court to order Jerry to confirm that he maintains insurance on his life, and count IV asks for attorney fees. Jerry moved the circuit court to dismiss Doris’ petition on the ground that the court lacked both subject matter and personal jurisdiction. After his motion was denied by the circuit court, Jerry filed a motion for leave to file a complaint for writ of prohibition in this court, which we allowed. See 188 Ill. 2d R. 381.

In this action, Jerry does not claim the circuit court lacks personal jurisdiction. His sole claim is that a writ of prohibition should issue because the circuit court lacks subject matter jurisdiction over Doris’ petition.

ANALYSIS

As a preliminary matter, we consider a motion filed by Doris, which was taken with the case. Doris requests that we dismiss the complaint for writ of prohibition because Jerry failed to comply with Rule 323 by filing a record on appeal. See 166 Ill. 2d R. 323. This is not an appeal; it is an original action for a writ of prohibition pursuant to Rule 381. See 188 Ill. 2d R. 381. Under Rule 381, “[o]nly issues of law will be considered. The proposed complaint *** shall contain or have attached to it the lower court records or other pertinent material that will fully present the issues of law.” 188 Ill. 2d R. 381(a). The pleadings and attached materials fully present the issue of law in this case. The motion to dismiss is denied.

Doris also requests, in the alternative, that we strike Jerry’s reply brief because it fails to cite authority. Jerry’s reply brief cites statutes and one judicial opinion that were cited and discussed in Doris’ brief. Argument limited to points raised in the respondent’s brief is appropriate in a reply brief. 188 Ill. 2d R. 341(g). The motion to strike is denied.

 We now turn to Jerry’s complaint. For a writ of prohibition to issue, the following four requirements must be met: (1) the action to be prohibited must be judicial or quasi-judicial in nature; (2) the jurisdiction of the tribunal against which the writ issues must be inferior to that of the issuing court; (3) the action to be prohibited must be outside the tribunal’s jurisdiction or, if within its jurisdiction, beyond its legitimate authority; (4) the petitioner must be without any other adequate remedy. 
Orenic v. Illinois State Labor Relations Board
, 127 Ill. 2d 453, 468 (1989). Original actions for a writ of prohibition may not be used to circumvent the normal appellate process. 
People ex rel. Foreman v. Nash
, 118 Ill. 2d 90, 97 (1987).

Jerry has not attempted to explain why the normal appellate process would not afford an adequate remedy. It is not obvious Jerry would be irremediably harmed if he were required to press his claim that the circuit court lacks subject matter jurisdiction within the normal appellate process. We conclude that Jerry has not met the burden he bears, as petitioner, of demonstrating that the fourth requirement for a writ of prohibition is met. Nevertheless, we may choose to address the merits of Jerry’s complaint. See 
Moore v. Strayhorn
, 114 Ill. 2d 538, 540 (1986). We do so in this case because we consider it important to the administration of justice to provide guidance regarding the issue Jerry raises. 
Cf.
 
Foreman
, 118 Ill. 2d at 98 (refusing to address the merits because the questions presented are not important to the administration of justice).

Jerry argues that section 205 of the Uniform Interstate Family Support Act (the Act) deprives the circuit court of subject matter jurisdiction. See 750 ILCS 22/205 (West 2002). In pertinent part, section 205 of the Act reads:

“(a) A tribunal of this State issuing a support order consistent with the law of this State has continuing, exclusive jurisdiction over a child-support order:

(1) as long as this State remains the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued; or

(2) until all of the parties who are individuals have filed written consents with the tribunal of this State for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction.” 750 ILCS 22/205(a) (West 2002).

Jerry points out that Illinois is no longer the residence of the obligor, the obligee, or the children in this case. He argues that “by negative implication” subsection (1) means that the Illinois tribunal loses jurisdiction over the child support order when everyone resides elsewhere.

The basic principles guiding our analysis of section 205(a) are well established:

“The fundamental rule of statutory interpretation is to give effect to the intention of the legislature. We look first to the words of the statute, as the language of the statute is the best indication of the legislative intent. When the statutory language is clear, it must be given effect without resort to other tools of interpretation.” 
People v. Rissley
, 206 Ill. 2d 403, 414 (2003).

However, if the statutory language is ambiguous we may look to other sources to determine legislative intent. 
People v. Ross
, 168 Ill. 2d 347, 352 (1995).

Turning to the language of section 205(a), we note clause (1) of section 205(a) provides that the Illinois court has continuing exclusive jurisdiction “as long as” at least one relevant person resides in Illinois. Clause (2) provides that the Illinois court has continuing exclusive jurisdiction “until” the parties consent to jurisdiction elsewhere. Clauses (1) and (2) are connected by the word “or.” Jerry would have us read this language to mean that jurisdiction remains in Illinois until clause (1) is no longer satisfied or until clause (2) is satisfied, whichever is sooner. Doris responds that jurisdiction remains in Illinois until clause (2) is satisfied. She does not discuss the relationship of clause (1) to clause (2).

The plain language of section 205(a) does not rule out either interpretation. Doris’ interpretation is flawed insofar as it ignores clause (1). Jerry asks us to infer that clause (1), which states that continuing exclusive jurisdiction remains in Illinois “as long as” a condition is met, means jurisdiction remains
 until 
the condition is no longer met. The language by itself does not establish that the legislature intended that inference. As another court has explained, the relationship between the two clauses is unclear because they are not written in parallel fashion; clause (1) uses the phrase “as long as” where clause (2) uses “until.” 
Etter v. Etter
, 18 P.3d 1088, 1090 (Okla. Civ. App. 2001). We conclude that section 205(a) of the Act is ambiguous with regard to whether continuing exclusive jurisdiction is lost in the circumstances at bar, where all relevant persons reside outside Illinois but not all parties have filed consent to jurisdiction elsewhere. We must look beyond the language of the statute.

 Jerry alleges, and our research confirms, that there is persuasive authority from the courts of other states in favor of Jerry’s interpretation. See, 
e.g.
, 
In re Marriage of Metz
, 31 Kan. App. 2d 623, 629, 69 P.3d 1128, 1132 (2003); 
Jurado v. Brashear
, 782 So.2d 575, 580-81 (La. 2001); 
LeTellier v. LeTellier
, 40 S.W.3d 490, 493 (Tenn. 2001); 
Etter
, 18 P.3d at 1090; 
Hopkins v. Browning
, 186 Misc. 2d 693, 719 N.Y.S.2d 839 (N.Y. Fam. Ct. 2000); 
Groseth v. Groseth
, 257 Neb. 525, 534, 600 N.W.2d 159, 167 (1999); 
Linn v. Del. Child Support Enforcement
, 736 A.2d 954, 960 (Del. 1999). Moreover, as several of these other courts note, the drafters of the Uniform Interstate Family Support Act (the Uniform Act) state in the official comment to section 205 that, “if all the relevant persons–the obligor, the individual obligee, and the child–have permanently left the issuing state, the issuing state no longer has an appropriate nexus with the parties or child to justify exercise of jurisdiction to modify.” Unif. Interstate Family Support Act §205 (1996), Comment, 9 U.L.A. 285-86 (1999). We find the intent of the drafters of section 205(a) of the Uniform Act to be very persuasive evidence of the intent of our legislature, because section 205(a) of the Act copies section 205(a) of the Uniform Act verbatim.

Nevertheless, even if Jerry is correct about the meaning of section 205(a), his argument is fatally flawed because the sentence quoted above clearly shows the drafters of the Uniform Act intended section 205(a) to apply only to the court’s jurisdiction 
to modify
 its support orders. Clause (2) of section 205(a) expressly refers to modification. Jerry offers no reason why section 205(a) should be read to mean a tribunal that issued a support order loses jurisdiction 
to enforce 
its order simply because all relevant persons reside in other states. On the other hand, several courts have held that jurisdiction to enforce is retained under those circumstances. See 
Jurado
, 782 So. 2d at 579 (following 
Linn
); 
Linn
, 736 A.2d at 964 (holding that jurisdiction to enforce remains in the issuing state so long as no other state has assumed continuing exclusive jurisdiction); 
Commonwealth ex rel. Kenitzer v. Richter
, 23 Va. App. 186, 191-92, 475 S.E.2d 817, 820 (1996). We conclude that section 205(a) of the Act does not apply to the circuit court’s jurisdiction to enforce its support order. Therefore Jerry’s argument that section 205(a) deprives the circuit court of jurisdiction over Doris’ petition fails unless Jerry establishes that Doris’ petition is an attempt to modify, not merely enforce, the support order that the circuit court entered when Jerry and Doris divorced.

Jerry also argues that 28 U.S.C. §1738B(i) prohibits an Illinois court from exercising jurisdiction over a child support order it issued where that order has not been registered in the state where the nonmoving party resides. However, paragraph (i) is entitled “Registration for modification.” 28 U.S.C. §1738B(i) (2000). Therefore this argument also fails unless Jerry establishes that Doris’ petition is an attempt to modify.

Jerry has not even attempted to establish that Doris’ petition is an attempt to modify. Only in his reply brief does he allege that Doris is seeking modification, but even there he offers no argument. Points not argued are waived and may not be raised in the reply brief. 177 Ill. 2d R. 341(e)(7). Doris alleges that it is indeed enforcement she seeks. We conclude that Jerry was required to establish that section 205(a) applies to Doris’ petition now pending in the circuit court by showing that it is an attempt to modify, and that he has failed to do so.

Waiver is a limitation on the parties, not on the court. 
Geise v. Phoenix Co. of Chicago, Inc.
, 159 Ill. 2d 507, 514 (1994). In the interest of justice, a court may consider an issue that a party has waived. 
Geise
, 159 Ill. 2d at 514. However, in this case the interest of justice does not require that we search for arguments that Jerry himself has made no attempt whatsoever to provide.

CONCLUSION

We hold that section 205(a) of the Act does not apply to the circuit court’s jurisdiction to enforce its support order. Jerry has not met his burden, as petitioner, of establishing the disputed point that Doris’ petition, now pending in the circuit court, is an attempt to modify rather than enforce the support orders issued by the circuit court when Jerry and Doris divorced. Therefore Jerry has not established that the circuit court is acting without jurisdiction and he is not entitled to a writ of prohibition.

Because of our disposition, we need not decide whether section 205(a) of the Act deprives the circuit court of jurisdiction to modify its support order.

Writ denied
.