## Carrie L. Klingel vs. Russell Reill.

Norfolk. January 5, 2006. - February 14, 2006.

Present: Marshall, C.J., Greaney, Ireland, Spina, Cowin, Sosman, & Cordy, JJ.

*Divorce and Separation,* Child support. *Parent and Child,* Child support. *Uniform Interstate Family Support Act. Jurisdiction,* Child support, Contempt. *Probate Court,* Jurisdiction. *Contempt.*

A Probate and Family Court judge had continuing, exclusive jurisdiction over a Massachusetts child support order that the wife sought to enforce via a complaint for contempt, despite the fact that the husband now lived in Utah and the wife and children had for a time after the entry of the order lived in New York before returning to Massachusetts, where the Legislature, in enacting G. L. c. 209D, § 2-205 (*a*) (1), intended that when one of the parties or the child who is the subject of a child support order presently resides in the Commonwealth, the requisite nexus with the Commonwealth exists to make available to the court in Massachusetts current information about the child and to provide a reason for the Commonwealth to expend public funds on proceedings involving that support order, notwithstanding any prior period of time during which that party or child resided elsewhere; moreover, even had the Probate and Family Court lost continuing, exclusive jurisdiction to modify its order, it would still have had jurisdiction to enforce the original order pursuant to G. L. c. 209D, § 2-205 (*c*), given that no court in another jurisdiction had modified the original order, and the wife was seeking to enforce the original order. [82-87]

COMPLAINT for divorce filed in the Norfolk Division of the Probate and Family Court Department on December 7, 1989.

A complaint for contempt, filed on July 8, 2003, was heard by *David H. Kopelman,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Richard E. Manelis* for Russell Reill.

*Frank J. Baldassini* for Carrie L. Klingel.

SOSMAN, J. The defendant (husband) appeals from a judgment finding him in contempt for failure to pay child support. He contends that the Probate and Family Court did not have

jurisdiction to enforce the child support order, and that his motion to dismiss his former wife's complaint for contempt should have been allowed. We transferred the case to this court on our own motion. For the following reasons, we conclude that the Probate and Family Court had jurisdiction, and we therefore affirm the judgment.

1. *Background.* The parties, formerly husband and wife, were divorced in Massachusetts in 1990. By an agreement (merged into the judgment of divorce), the wife was awarded physical custody of the two minor children, with weekly child support to be paid by the husband. The husband was also to maintain health insurance coverage for the wife and children, and to pay any uninsured medical expenses incurred in caring for the children. At the time the judgment was entered, both the husband and the wife resided in Massachusetts. In 1991, the husband moved to Tennessee and, thereafter, to Utah, where he presently resides. The wife and children remained in Massachusetts for some time, but, as of 2002, were residing in New York.

On April 10, 2002, the wife filed a pro se complaint for contempt in the Probate and Family Court seeking to recover arrearages in child support and medical payments. The husband filed a motion to dismiss on the ground that none of the parties resided in Massachusetts. That motion was allowed, and the complaint was dismissed without prejudice. The wife took no appeal from the judgment of dismissal.

In March, 2003, the wife returned to Massachusetts with the children and resumed residence here. Represented by counsel, the wife filed a new complaint for contempt on July 8, 2003, and an amended complaint on August 22, 2003.[1] The husband again moved to dismiss the contempt complaint, arguing that, despite the wife's return and resumption of residence in Massachusetts, none of the parties had "remain[ed]" continuously

---

[1]Simultaneous with her complaint for contempt, the wife filed a complaint for modification, followed by an amended complaint for modification. The docket does not reflect any action taken on the complaint or amended complaint for modification.

in Massachusetts. G. L. c. 209D, § 2-205 (a) (1).[2] The motion to dismiss was denied. The husband was found in contempt for failure to pay child support and medical payments over a period of two years, resulting in total arrearages of $38,400, and was ordered to make monthly payments to reduce those arrearages.

2. *Discussion.* The husband argues that Massachusetts courts lost jurisdiction over the child support order in question when all parties (husband, wife, and children) left Massachusetts and resided elsewhere, and that the return of the wife and children to Massachusetts did not operate to confer jurisdiction on Massachusetts courts. His argument is based on G. L. c. 209D, § 2-205 (a) (1), which provides: "A tribunal of the commonwealth issuing a support order consistent with the law of the commonwealth has continuing, exclusive jurisdiction over a child support order . . . as long as the commonwealth remains the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued . . . ." The husband contends that the term "remains the residence" implicitly requires that, in order for Massachusetts courts to have jurisdiction, there must be no interruption in the Massachusetts residence of at least one of the parties, i.e., that residence in the Commonwealth must be continuous from the time the support order is issued up until the time one of the parties brings the action based on that order. Thus, according to the husband, Massachusetts lost jurisdiction over the support order when the wife and children moved to New York, and despite their return to Massachusetts, any action to enforce that order must now be brought in Utah, where the husband resides.

The issue, then, is whether the Legislature intended the term "remains the residence" to include the circumstance where Massachusetts is the current residence of one of the parties or the child, notwithstanding the fact that that party or child may have previously left Massachusetts and later returned to resume residence here. "When a statute does not define its words we give them their usual and accepted meanings, as long as these meanings are consistent with the statutory purpose. . . . We

---

[2]The husband's motion asserted additional grounds for dismissal. None of those grounds has been raised on appeal, and we therefore do not address them.

derive the words' usual and accepted meanings from sources presumably known to the statute's enactors, such as their use in other legal contexts and dictionary definitions." *Commonwealth* v. *Bell,* 442 Mass. 118, 124 (2004), quoting *Commonwealth* v. *Zone Book, Inc.,* 372 Mass. 366, 369 (1977).

General Laws c. 209D was enacted in 1995, St. 1995, c. 5, § 87, adopting the 1992 version of the Uniform Interstate Family Support Act (UIFSA). See *Child Support Enforcement Div. of Alaska* v. *Brenckle,* 424 Mass. 214, 217-218 (1997). Section 205(a)(1) of the 1992 UIFSA uses language identical to G. L. c. 209D, § 2-205 (*a*) (1), conferring continuing, exclusive jurisdiction on the tribunal that issued the child support order as long as that State "remains the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued." UIFSA (1992) § 205(a)(1), 9 (Part IB) U.L.A. 487 (Master ed. 2005). In the comment to § 205 of the 1992 UIFSA, the drafters explained that the tribunal that originally issued the child support order would lose its continuing, exclusive jurisdiction "[i]f all parties and the child reside elsewhere," because the issuing State would "no longer ha[ve] a nexus with the parties or the child," and the issuing court would have "no current information about the circumstances of anyone involved." Comment to UIFSA (1992) § 205, *supra* at 488. When UIFSA was revised in 1996, § 205(a)(1) remained the same, but the comment to § 205 further elaborated on the reasons why all parties' absence from the issuing State should operate to deprive the issuing State of jurisdiction. That comment explained that, once the parties and the child "have permanently left the issuing [S]tate," there was no nexus with the State, no current information, and "no reason" for the taxpayers of the issuing State "to expend public funds on the process." Comment to UIFSA (1996) § 205, *supra* at 340.

The husband's interpretation of "remains the residence," i.e., his proposed requirement that that residence be continuous and uninterrupted, is at odds with the rationale of G. L. c. 209D, § 2-205 (*a*) (1), as articulated in these comments. When the parties and child have left the Commonwealth but then one or more of them returns, they do not all "reside elsewhere," nor have they all "permanently" left the Commonwealth. A party's

or a child's resumption of residence in the Commonwealth provides the requisite "nexus" with Massachusetts; the court in Massachusetts would, once again, have available "current information" about the matter; and there would be a reason for the Commonwealth to expend public funds on proceedings involving the support order. When the Legislature adopted the language of the 1992 version of UIFSA ("remains the residence"), it intended an interpretation of that term consistent with the rationale explained in the comment accompanying that language. When one of the parties or the child presently resides in the Commonwealth, that rationale applies, notwithstanding any prior period of time during which that party or child resided elsewhere. See *Gowdey* v. *Gowdey*, 825 So. 2d 67, 68, 69 (Miss. Ct. App. 2002) (under UIFSA, Texas had continuing, exclusive jurisdiction over support order after husband returned to Texas, despite fact that wife and children had permanently left Texas and husband had resided in Mississippi for over one year prior to return).

The comment to § 205 of the 1992 UIFSA also undercuts the husband's position by noting that the practical effect of conferring exclusive, continuing jurisdiction on the issuing court is to give that court the power to modify its order, explaining that, even where the issuing tribunal has lost continuing, exclusive jurisdiction, nothing in § 205 deprives that issuing tribunal "of the power to enforce arrearages that have accrued during the existence of a valid order." Comment to UIFSA (1992) § 205, *supra* at 488. Consistent with these observations in the comment, the wife contends that although G. L. c. 209D, § 2-205 (*a*), speaks broadly of "jurisdiction over a child support order," it actually addresses the court's jurisdiction to modify the order, and does not take away the issuing court's jurisdiction to enforce the original order except in specifically defined circumstances, none of which pertains here. Section 2-205 (*c*) of G. L. c. 209D (which is modeled on § 205[c] of the 1992 UIFSA) expressly provides that, where a tribunal of another State has modified a child support order (which can only occur if the issuing court in Massachusetts has, for some reason, lost its "exclusive" jurisdiction), the Massachusetts court loses jurisdiction "with regard to prospective enforcement

of the order," but may still "(1) enforce the order as to amounts accruing before the modification; (2) enforce nonmodifiable aspects of that order; and (3) provide other appropriate relief for violations of that order which occurred before the effective date of the modification."[3] Here, there has been no modification of the order by any tribunal in another State, and the wife is merely seeking to enforce the Probate and Family Court's original order.[4] "[I]f an issuing tribunal does not lose jurisdiction to enforce its order when it has been modified in another [S]tate, the issuing tribunal retains jurisdiction to enforce its existing order if no modification has taken place and no other jurisdiction has assumed continuing, exclusive jurisdiction." *Linn* v. *Delaware Child Support Enforcement*, 736 A.2d 954, 964 (Del. 1999). See *Douglas* v. *Brittlebank-Douglas*, 98 Haw. 168, 173-174 (Ct. App. 2002) (interpreting UIFSA § 205 and comment to mean that issuing court may enforce order, despite loss of jurisdiction to modify order); *Porro* v. *Porro*, 675 N.W.2d 82, 86 (Minn Ct. App. 2004) (same); *Youssefi* v. *Youssefi*, 328 N.J. Super. 12, 21-22 (App. Div. 2000) (same).

The husband tries to support his theory that the term "remains the residence" requires continuous residence by pointing to the

---

[3]The husband contends that because a contempt action may result in modification of a child support order (see *Gridley* v. *Beausoleil*, 16 Mass. App. Ct. 1005, 1007 [1983]; *Bloksberg* v. *Bloksberg*, 7 Mass. App. Ct. 233, 234-235 [1979], and cases cited), the court does not have jurisdiction to enforce the order unless it also has jurisdiction to modify the order. This argument is expressly contrary to G. L. c. 209D, § 2-205 (*c*), which identifies the circumstances in which a court that has lost jurisdiction to modify a support order may nevertheless take actions to enforce the order.

[4]The wife thus contends that the Probate and Family Court had jurisdiction over her original complaint for contempt, even though it was filed at a time when none of the parties resided in Massachusetts. Various courts have held that the issuing State retains the power to enforce the support order after all parties and the children have left the issuing State. See *Linn* v. *Delaware Child Support Enforcement*, 736 A.2d 954, 957, 962-964 (Del. 1999); *Zaabel* v. *Konetski*, 209 Ill. 2d 127, 135 (2004); *Douglas* v. *Brittlebank-Douglas*, 98 Haw. 168, 173-174 (Ct. App. 2002); *Jurado* v. *Brashear*, 782 So. 2d 575, 579-580 (La. 2001); *Youssefi* v. *Youssefi*, 328 N.J. Super. 12, 21-22 (App. Div. 2000); *Commonwealth ex rel. Kenitzer* v. *Richter*, 23 Va. App. 186, 193 (1996). The wife did not appeal from the dismissal of her 2002 contempt complaint, and we therefore need not address the court's power to entertain such a complaint when no party or child affected by the support order resides in Massachusetts.

fact that the Legislature has not adopted more recent revisions to § 205 of the UIFSA that would explicitly confer jurisdiction in the circumstances presented by this case. In 2001, § 205(a)(1) of the UIFSA was revised to provide that the issuing tribunal has continuing, exclusive jurisdiction to modify a child support order if, "at the time of the filing of a request for modification this State *is* the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued" (emphasis added).[5] UIFSA (2001) § 205(a)(1), 9 (Part IB) U.L.A. 192 (Master ed. 2005). The husband thus argues that we should not interpret "remains the residence" to be satisfied merely because Massachusetts "is the residence," as the Legislature has not adopted this new language. However, "[l]egislative inaction gives no instructive signal concerning the construction of a statute enacted by a prior Legislature . . . ." *Polaroid Corp.* v. *Commissioner of Revenue*, 393 Mass. 490, 496 (1984). See *Commonwealth* v. *Houston*, 430 Mass. 616, 630-631 (2000) (Cowin, J., concurring). Moreover, the comment to § 205(a)(1) of the 2001 UIFSA explains that the purpose of the new language was "to clarify the original intent" of the drafters, not to make any "substantive change." Comment to UIFSA (2001) § 205, *supra* at 194. The comment then addresses the specific scenario of parties leaving and subsequently returning to the original issuing State:

> "First, the time to measure whether the issuing tribunal has continuing, exclusive jurisdiction to modify its order, or whether all parties have left the State, is explicitly stated to be at the time of filing a proceeding to modify the child support order. Second, substitution of the term 'is the residence' for the term 'remains the residence' makes clear that any interruption of residence of a party between the date of the issuance of the order and date of filing the request for modification does not affect jurisdiction to modify. Thus, if there is but one order, it is the controlling order in effect and enforceable throughout the United

---

[5]The 2001 revisions to the Uniform Interstate Family Support Act (UIFSA) make explicit that § 205 governs only jurisdiction to "modify" a child support order. UIFSA (2001) § 205, 9 (Part IB) U.L.A. 192-193 (Master ed. 2005). The revised § 205 is silent as to the issuing court's jurisdiction to enforce its own original order.

States, notwithstanding the fact that everyone has left the issuing State. If the order is not modified during this time of absence, a return to reside in the issuing State by a party or child will immediately identify the proper forum at the time of filing a proceeding for modification."

*Id.* Given the drafters' explanation that these were clarifications of their original intent, not substantive changes, the Legislature's failure to adopt those clarifications does not signify any legislative intent that the original version was to have a substantively different meaning.

With the wife and children residing in Massachusetts at the time the wife filed her complaint for contempt, G. L. c. 209D, § 2-205 (*a*) (1), gave the Probate and Family Court "exclusive jurisdiction over [the] child support order" that the wife sought to enforce. Accordingly, the husband's motion to dismiss for lack of jurisdiction was properly denied.

*Judgment affirmed.*