Martha Ann Lattimore ("the mother") appeals from a judgment of the Russell Circuit Court dismissing her petition to modify the child-support provisions of a 1991 judgment divorcing her from Willie Huey Lattimore ("the father"). We reverse and remand.
The parties were divorced on June 11, 1991. At the time of the divorce, the parties were the parents of twin boys ("the children"), born on October 6, 1987. In the divorce judgment, the trial court determined that Alabama courts did not have jurisdiction to decide the issues of child custody and visitation because the mother and the children were living in Tennessee at the time. The trial court did, however, make an award of child support to the mother in the amount of $450 per month.
On October 5, 2006, one day before the children reached 19 years of age, the mother filed a petition with the trial court to modify the father's child-support obligation by requiring him to provide postminority educational support for the children. The mother also requested that the trial court hold the father in contempt for failure to pay several months of child support and that it award her an attorney fee.
On February 14, 2007, the father filed a motion to dismiss the mother's petition on the ground that the Alabama court lacked subject-matter jurisdiction. Specifically, the father alleged that he was a resident of Texas and that the mother and the children were residents of Tennessee. The father claimed that, because the children were over 19 years of age when he filed his motion to dismiss and because the parents and children all lived outside Alabama, the trial court did not have subject-matter jurisdiction to modify the 1991 child-support award under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), § 30-3B-101 et seq., Ala. Code 1975.
On February 15, 2007, the trial court entered a judgment granting the father's motion to dismiss, without stating the ground for dismissal. The mother filed a postjudgment motion, which the trial court denied. The mother timely appealed to this court. On appeal, the mother argues that the trial court erred in dismissing her petition. The father did not submit a brief to this court on appeal.
 "A ruling on a motion to dismiss is reviewed without a presumption of correctness. Nance v. Matthews, 622 So.2d 297, 299 (Ala. 1993). This Court must accept the allegations of the complaint as true. Creola Land Dev., Inc. v. Bentbrooke Housing, L.L.C., 828 So.2d 285, 288 (Ala. 2002). Furthermore, in reviewing a ruling on a motion to dismiss we will not consider whether the pleader will ultimately prevail but whether the pleader may possibly prevail. Nance, 622 So.2d at 299."
Newman v. Savas, 878 So.2d 1147, 1148-49 (Ala. 2003).
 The Mother's Modification Claim
The father claimed in his motion to dismiss that, because the parties and the children all lived outside Alabama, the trial court did not have jurisdiction to modify his child-support obligation pursuant to the UCCJEA. The mother argues that the UCCJEA is not a bar to the trial court's subject-matter jurisdiction over this child-support action and that the trial court had jurisdiction pursuant to Alabama's version of the Uniform Interstate Family Support *Page 241 
Act ("UIFSA"), § 30-3A-101 et seq., Ala. Code 1975.
We agree with the mother that the UCCJEA does not address the jurisdiction of Alabama courts to modify child-support orders. The UCCJEA addresses the jurisdiction of Alabama courts to make a "child custody determination." See §§ 30-3B-101
through -210. Section 30-3B-102(3), part of the UCCJEA, defines "child custody determination" as a "judgment, decree, or other order of a court providing for the legal custody, physical custody, or visitation with respect to a child. . . . Theterm does not include an order relating to child support orother monetary obligation of an individual." (Emphasis added.) Therefore, the UCCJEA has no bearing on child-support determinations.
UIFSA, however, does address the jurisdiction of Alabama courts to modify child-support orders. See §§ 30-3A-201
through -209, Ala. Code 1975. The mother relies specifically on § 30-3A-205 for her claim that the Alabama trial court has jurisdiction over her modification and contempt petition. Section 30-3A-205(a) provides: "A court of this state issuing a support order consistent with the law of this state has continuing, exclusive jurisdiction over a child-support order:
 "(1) as long as this state remains the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued; or
 "(2) until all of the parties who are individuals have filed written consents with the court of this state for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction."
Although no reported Alabama decisions have explicitly decided how to interpret § 30-3A-205(a), which corresponds to § 205(a) of UIFSA, courts of several other states interpreting virtually identical versions of § 205(a) have held that that section lends itself to at least two differing interpretations.See, e.g., Lunceford v. Lunceford, 204 S.W.3d 699, 705
(Mo.Ct.App. 2006); Zaabel v. Konetski, 209 Ill.2d 127,134, 807 N.E.2d 372, 375, 282 Ill.Dec. 748, 751 (2004). As those courts have explained, § 205(a) of UIFSA is ambiguous to whether subsections (1) and (2) are to be read "in parallel" or "in tandem."
On the one hand, the use of the word "or" following subsection (1) of § 205(a) seems to indicate that subsections (1) and (2) should be read in parallel, creating alternate
bases for the exercise of jurisdiction. Under that interpretation, Alabama would have continuing and exclusive jurisdiction to modify child-support orders issued in Alabama under either of two scenarios: 1) until the obligor, obligee, and the concerned child all moved outside Alabama,or 2) until all the parties who are individuals filed written consent for a tribunal of another state to assume jurisdiction.
On the other hand, the fact that subsections (1) and (2) have differing opening phrases — "as long as" and "until" — seems to indicate that the subsections should be read in tandem and not in parallel. Under that interpretation, Alabama would have continuing and exclusive jurisdiction to modify child-support orders issued in Alabama as long as the obligor, obligee, or the concerned child resided in Alabamaunless all the parties who are individuals filed written consent for the tribunal of another state to have jurisdiction.
As our supreme court has explained:
 "The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature in enacting the statute. Words used in a statute must be given their natural, *Page 242 
plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect."
IMED Corp. v. Systems Eng'g Assocs. Corp.,602 So.2d 344, 346 (Ala. 1992). However, when, as in this case, a statute is ambiguous, we must employ means other than simply interpreting the plain language of the statute to ascertain the legislature's intent:
 "`In this ascertainment, we must look to the entire Act instead of isolated phrases or clauses. . . .' Darks Dairy, Inc. v. Alabama Dairy Comm'n, 367 So.2d 1378, 1380 (Ala. 1979). In construing statutes, we may glean legislative intent from the language used, the reason and necessity for the legislative act, and the purpose sought to be obtained. Bama Budweiser of Montgomery, Inc. v. Anheuser-Busch, Inc., 611 So.2d 238 (Ala. 1992)."
Long v. Bryant, 992 So.2d 673, 684 (Ala. 2008).
The Official Comment to § 205(a) of UIFSA, which this court found to be "instructive" in its decision in Beale v.Haire, 812 So.2d 356, 359 (Ala.Civ.App. 2001), supports the "in tandem" interpretation of § 205(a):
 "This section is perhaps the most crucial provision in UIFSA. Drawing on the precedent of the federal Parental Kidnapping Prevention Act, 28 U.S.C. § 1738A, the issuing tribunal retains continuing, exclusive jurisdiction over a child support order, except in very narrowly defined circumstances. As long as one of the individual parties or the child continues to reside in the issuing state, and
as long as the parties do not agree to the contrary, the issuing tribunal has continuing, exclusive jurisdiction over its order — which in practical terms means that it may modify its order. . . .
 "The other side of the coin follows logically. Just as Subsection (a)(1) defines the retention of continuing, exclusive jurisdiction, by clear implication the subsection also defines how jurisdiction to modify may be lost. That is, if all the relevant persons
— the obligor, the individual obligee, and the child — have permanently left the issuing state, the issuing state no longer has an appropriate nexus with the parties or child to justify exercise of jurisdiction to modify."
(Emphasis added.)
Further, as our supreme court has stated, "[c]ourts do not interpret statutory provisions in isolation, but consider them in the context of the entire statutory scheme. Siegelman v.Alabama Ass'n of School Boards, 819 So.2d 568 (Ala. 2001). Where more than one Code section is involved, each should be construed in harmony with the other Code sections then in effect, so far as is practical." Long,992 So.2d at 684. Section 30-3A-901 of Alabama's version of UIFSA states: "This chapter shall be applied and construed to effectuate its general purpose to make uniform the law with respect to the subject of this chapter among states enacting it." Research conducted by this court reveals no reported opinions in which a court of any state has adopted the "in parallel" interpretation § 205(a) of UIFSA. On the other hand, at least 15 states construing virtually identical versions of § 205(a) of UIFSA have held that the "in tandem" interpretation of § 205(a) is the proper interpretation of the statute. See McHale v.McHale, 210 Ariz. 194, 109 P.3d 89 (Ct.App. 2005); Linnv. Delaware Child Support Enforcement, 736 A.2d 954 (Del. *Page 243 
1999); Zaabel v. Konetski 209 Ill.2d 127,807 N.E.2d 372, 282 Ill.Dec. 748 (2004); In re Marriage of Metz,31 Kan.App.2d 623, 69 P.3d 1128 (2003); In re Marriage ofMyers, 30 Kan.App.2d 1223, 56 P.3d 1286 (2002); Juradov. Brashear, 782 So.2d 575 (La. 2001); Klingel v.Reill, 446 Mass. 80, 841 N.E.2d 1256 (2006); Luncefordv. Lunceford, 204 S.W.3d 699 (Mo.Ct.App. 2006); Grosethv. Groseth, 257 Neb. 525, 600 N.W.2d 159 (1999); NewMexico ex rel. Children, Youth and Families Dep't v. G.,143 N.M. 195, 174 P.3d 531 (Ct.App. 2007); Hopkins v.Browning, 186 Misc.2d 693, 719 N.Y.S.2d 839
(N.Y.Fam.Ct. 2000); Knowlton v. Knowlton, 110 P.3d 578
(Okla.Civ.App. 2005); Etter v. Etter, 18 P.3d 1088
(Okla.Civ.App. 2001); Cohen v. Powers, 180 Or.App. 409,43 P.3d 1150 (2002); Reichenbacher v. Reichenbacher,729 A.2d 97 (Pa.Super.Ct. 1999); LeTellier v. LeTellier,40 S.W.3d 490 (Tenn. 2001); and In re B.O.G.,48 S.W.3d 312 (Tex.App. 2001).
We are persuaded by the Official Comment to § 205(a) and by the decisions reached by courts of other states interpreting § 205(a) that subsections (1) and (2) of that section are to be read in tandem. In other words, we hold that, under § 30-3A-205(a), Alabama courts retain continuing and exclusive jurisdiction to modify a child-support order issued in this state only if the obligor, the obligee, or the concerned child affected by that order reside in the stateand all the parties who are individuals have not filed written consent for the tribunal of another state to exercise jurisdiction over the child-support order.
The father alleged in his motion to dismiss that the parties and the children all resided outside Alabama. We note that, although the mother does not explicitly argue on appeal that the father resides in Alabama, she does argue broadly that the trial court had jurisdiction over her modification and contempt petition pursuant to § 30-2A-205(a). Because the mother and the children, by the mother's own admission, do not reside in Alabama, and because jurisdiction under § 30-2A-205(a) requires the obligee, the obligor, or the concerned child to live in Alabama, we construe the mother's argument to include the assertion that the father's legal residence is Alabama.
However, the record does not reveal sufficient information to determine the father's current legal residence. As this court has explained, "[i]t is well settled that residency in our divorce statutes means domicile." Webster v. Webster,517 So.2d 5, 7 (Ala.Civ.App. 1987).
 "Domicile requires residence at a particular place and an intent to remain there permanently, or for an indefinite length of time. Ex parte Weldon, 601 So.2d 115 (Ala.Civ.App. 1992). Once a domicile is acquired, it is presumed to exist until a new one has been acquired. Ex parte Sides[, 594 So.2d 93
(Ala. 1992)]. A change of domicile cannot be inferred from a temporary absence."
Pate v. Rasco, 656 So.2d 855, 857 (Ala.Civ.App. 1995).
The record does not reveal whether the father was ever domiciled in Alabama. Based on the fact that the mother and the children were living in Tennessee at the time the divorce judgment was entered and based on the fact that an Alabama court entered that judgment, it seems likely that the father was domiciled in Alabama at the time that judgment was entered. If
the father was domiciled in Alabama at the time of the divorce judgment, it is conceivable that the father's state of domicile could still be Alabama. The record seems to indicate that the father is in the military, and the record reveals at least three addresses outside Alabama at *Page 244 
which the father has received mail. Our supreme court has stated that "a person who is inducted into military service retains residence in the state from which he is inducted until a new residence is established or the initial residence is abandoned."Nora v. Nora, 494 So.2d 16, 18 (Ala. 1986). Although the record indicates that the father is currently absent from Alabama, the record does not reveal whether that absence is temporary or whether the father has obtained a new domicile. Because the record does not provide adequate information to determine whether the father ever was, or is presently, domiciled in Alabama, the mother could possibly be correct that the trial court had jurisdiction over her modification claim pursuant to § 30-3A-205(a).
The father also claimed in his motion to dismiss that the trial court did not have jurisdiction over the petition because the children were over 19 years of age when he filed his motion to dismiss. However, the mother filed her petition before the children reached the age of majority. Because the children had not yet attained the age of majority when the mother filed her petition, the trial court had jurisdiction, at least based on of the age of the children, to entertain that petition. See Exparte Bayliss, 550 So.2d 986, 987 (Ala. 1989). Because the father's allegations do not, at this stage of the proceeding, adequately demonstrate that the trial court lacked subject-matter jurisdiction over the mother's modification claim, the mother could still possibly prevail on that claim. Therefore, we reverse that portion of the trial court's judgment dismissing the mother's modification claim.
 The Mother's Contempt Claim
We also note that, even if the trial court does not have jurisdiction to entertain the mother's modification
claim, the trial court does have jurisdiction to entertain the mother's contempt claim. Section 30-3A-205(c) provides that, when a tribunal of another state has modified a child-support order issued by an Alabama court, Alabama courts lose jurisdiction to modify that child-support order but still have jurisdiction to:
 "(1) enforce the order that was modified as to amounts accruing before the modification;
 "(2) enforce nonmodifiable aspects of that order; and
 "(3) provide other appropriate relief for violations of that order which occurred before the effective date of the modification."
The most reasonable construction of § 30-3A-205(c) is that, by implication, Alabama courts would also retain jurisdiction to enforce an Alabama-issued support order even if Alabama courts lost jurisdiction to modify that order under § 30-3A-205(a). Several states interpreting § 205 of UIFSA have reached the same conclusion, namely that a state retains jurisdiction to enforce a child-support order issued by a tribunal of that state even after the obligor, the obligee, and the concerned child have all moved out of state. See, e.g., Linn,736 A.2d at 964; Zaabel, 209 Ill.2d at 135, 807 N.E.2d at 376,282 Ill.Dec. at 752; Jurado, 782 So.2d at 579;Mamberg v. Epstein, 272 A.D.2d 200, 201,707 N.Y.S.2d 439, 441 (App.Div. 2000); and Virginia ex rel. Kenitzer v.Richter, 23 Va. App. 186, 193, 475 S.E.2d 817, 820 (1996). We agree with the courts that decided those cases that, under UIFSA, a state's courts retain jurisdiction to enforce a child-support order issued in that state even after the obligor, the obligee, and the concerned child have all established residences out of the state. Therefore, the trial court had jurisdiction to hear the mother's contempt claim. Because the *Page 245 
mother may possibly prevail on her contempt claim, we reverse the portion of the trial court's judgment dismissing that claim. Having reversed the trial court's judgment dismissing both of the mother's claims, we remand the case for further proceedings consistent with this opinion.
The mother's request for an attorney fee on appeal is denied.
REVERSED AND REMANDED.
All the judges concur.