MARY ELLEN FREDDO vs. STEPHEN M. FREDDO.

No. 12-P-692.

Hampden. January 4, 2013. - February 26, 2013.

Present: FECTEAU, HANLON, & SULLIVAN, JJ.

*Uniform Interstate Family Support Act. Divorce and Separation,* Modification
of judgment, Child support, Foreign judgment, Jurisdiction. *Jurisdiction,*
Modification of divorce judgment, Child support, Probate Court. *Probate
Court,* Jurisdiction, Divorce. *Parent and Child,* Child support.

Discussion of the standard of review applicable to a decision interpreting the
Uniform Interstate Family Support Act, G. L. c. 209D. [355]
A Probate and Family Court judge erred in assuming authority, as a matter of
law, to modify the duration of a father's child support obligation articulated
in a Florida judgment and to provide continued support under provisions
of G. L. c. 208, § 28, where duration was not a modifiable aspect of the
child support order at issue. [355-362]

CIVIL ACTION commenced in the Hampden Division of the
Probate and Family Court Department on December 6, 2007.

A complaint for modification of judgment, filed on August
23, 2001, was heard by *David G. Sacks,* J., on a motion for
summary judgment.

*Dana Alan Curhan* for Stephen M. Freddo.

FECTEAU, J. Stephen M. Freddo (father) appeals from a sum-
mary judgment entered against him in connection with his
complaint for modification seeking the termination of his child
support obligation on the ground that the parties' children had
reached the age of majority under Florida law.[1] Applying the
jurisdictional mandates of G. L. c. 209D, § 6-613 (§ 6-613), a
judge of the Probate and Family Court assumed authority, as

---

[1] The mother had filed a motion to dismiss, but the judge took no action on
that motion; rather, he appears to have incorporated her contentions in his rul-
ing against the father on his motion for summary judgment, entering summary
judgment in favor of the mother. See Mass.R.Dom.Rel.P. 56(*h*).

matter of law, to modify the duration of the father's support obligation articulated in the foreign judgment and to provide continued support under the "posteighteen" provisions of G. L. c. 208, § 28.[2] As we conclude that duration is a nonmodifiable aspect of the child support order here at issue, we reverse the judgment.

The father and Mary Ellen Freddo (mother) were married on July 4, 1981. The marriage produced four children; as here relevant, the two youngest were born on August 3, 1990, and September 8, 1992. The parties were divorced on January 12, 1995, by a "Final Judgment of Dissolution of Marriage" (Florida judgment) entered by the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, Family Law Division (Florida Circuit Court). The Florida judgment included a provision for child support, which was to terminate entirely, inter alia, "upon the minor children reaching the age of majority."[3] On January 31, 1997, a judge of the Florida Circuit Court modified the Florida judgment, increasing the amount of the father's child support obligation. Since January 31, 1997, however, the Florida judgment has not been modified by any court, despite the extensive litigation between the parties.

It is undisputed that the mother, the father, and the children at issue now reside in Massachusetts.[4] Relevant to this appeal, the

[2]General Laws c. 208, § 28, as amended through St. 1976, c. 279, § 1, states, in relevant part:

> "The court may make appropriate orders of maintenance, support and education of any child who has attained age eighteen but who has not attained age twenty-one and who is domiciled in the home of a parent, and is principally dependent upon said parent for maintenance. The court may make appropriate orders of maintenance, support and education for any child who has attained age twenty-one but who has not attained age twenty-three, if such child is domiciled in the home of a parent, and is principally dependent upon said parent for maintenance due to the enrollment of such child in an educational program, excluding educational costs beyond an undergraduate degree."

[3]The provision states in full: "Child support payments by [the father] shall terminate entirely upon the minor children reaching the age of majority, marrying, joining the Armed Services, being declared an emancipated minor or dying. As above conditions occur, child support shall be reduced accordingly with the number of minor children remaining."

[4]The Florida judgment was registered in the Probate and Family Court on

father filed a complaint for modification in the Probate and Family Court on August 23, 2011, requesting that the child support provision of the Florida judgment, as modified on January 31, 1997, be terminated pursuant to Florida law. Under the law of that State, support obligations terminate on a child's eighteenth birthday, subject to certain exceptions not here applicable.[5] The mother moved to dismiss the father's complaint for modification, and the father moved for summary judgment. On October 31, 2011, the probate judge found the father's request to terminate his child support obligation groundless, ruling that the court's authority to enter support orders extended to the parties' two youngest children pursuant to the posteighteen provisions of G. L. c. 208, § 28. We disagree.

*Discussion.* 1. *Standard of review.* The gravamen of the father's appeal concerns whether the judge correctly interpreted § 6-613, a provision of the Commonwealth's codification of the Uniform Interstate Family Support Act (UIFSA), to provide him with the authority to modify the Florida judgment and extend the duration of the father's child support obligation beyond that permitted under Florida law. See generally UIFSA 9 (Part IB) U.L.A. 295 (Master ed. 2005). "This is a question of statutory interpretation, and therefore one that we review de novo." *Rosnov* v. *Molloy*, 460 Mass. 474, 476 (2011). See *Commonwealth* v. *Cintolo*, 415 Mass. 358, 359 (1993) ("Statutory interpretation is a pure question of law").

2. *Choice of law.* As stated above, the father contends that the judge lacked authority to extend his child support obligation because its duration is fixed by Florida law, regardless of the differing duration permitted by Massachusetts law. Under Florida law, child support obligations generally terminate when the child reaches the age of eighteen.[6] Fla. Stat. §§ 61.14(9), 743.07(2) (2012). See *Wattenbarger* v. *Wattenbarger*, 767 So. 2d 1172,

---

January 13, 2003, pursuant to G. L. c. 209D. The parties, however, continued to spar in the Florida Circuit Court over matters relating to the Florida judgment. In noting that Massachusetts had jurisdiction over the parties and the modification of the Florida judgment, the Florida judge relinquished jurisdiction of the case to Massachusetts as an adequate alternative forum. See note 12, *infra*.

[5]See note 6, *infra*.

[6]Florida law provides: "Unless otherwise ordered by the court or agreed to by the parties, the obligation to pay the current child support for that child is

1172-1773 (Fla. 2000); *Taylor* v. *Bonsall*, 875 So. 2d 705, 707-708 (Fla. Dist. Ct. App. 2004). In contrast, Massachusetts law provides support beyond age eighteen for any child (1) "who has attained age eighteen but who has not attained age twenty-one and who is domiciled in the home of a parent, and is principally dependent upon said parent for maintenance," or (2) "who has attained age twenty-one but who has not attained age twenty-three, if such child is domiciled in the home of a parent, and is principally dependent upon said parent for maintenance due to the enrollment of such child in an educational program . . . ." G. L. c. 208, § 28. At the time the father filed his complaint for modification, the parties' two youngest children were eighteen and twenty-one years of age.[7] By virtue of age and circumstance, therefore, the children were outside the scope of the provisions entitling them to continued support under Florida law, notwithstanding that they may otherwise have been well within the purview of Massachusetts law.

The probate judge determined, and the father agrees, that § 6-613 applies in this case.[8] Section 6-613, inserted by St. 1998, c. 64, § 281, states:

"(*a*) If all of the parties who are individuals reside in the

terminated when the child reaches 18 years of age or the disability of nonage is removed." Fla. Stat. § 61.14(9) (2012).

Furthermore, a court may order support beyond age eighteen according to the following: "(2) This section shall not prohibit any court of competent jurisdiction from requiring support for a dependent person beyond the age of 18 years when such dependency is because of a mental or physical incapacity which began prior to such person reaching majority or if the person is dependent in fact, is between the ages of 18 and 19, and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19." Fla. Stat. § 743.07(2) (2012).

[7] The parties' youngest child turned eighteen on September 8, 2010, and from the record, it appears that the two youngest children are both full-time college students.

[8] The father does not allege, nor do we conclude, that any other provision of Massachusetts domestic relations law applies. Indeed, the judge found that "[the mother] stated that G. L. c. 209D, § 6-613[,] applies to this case; [the father] stated that he agreed with that position."

We note, however, that the judge, in a prior case management order, cited G. L. c. 208, § 29, as amended through St. 1986, c. 462, § 8, which states:

"If, after a divorce has been adjudged in another jurisdiction, minor children of the marriage are inhabitants of, or residents in this com-

commonwealth and the child does not reside in the issuing state, a tribunal of the commonwealth shall have jurisdiction to enforce and modify the issuing state's child support order in a proceeding to register such order.

"(b) A tribunal of the commonwealth exercising jurisdiction under this section shall apply the provisions of this article and articles 1 and 2, and the procedural and substantive law of the commonwealth to the proceeding for enforcement or modification."

Here, the mother, the father, and the children at issue are residents of Massachusetts, in satisfaction of § 6-613(a). However, that § 6-613(a) may apply to a matter does not necessarily end the analysis and confer upon the courts of this Commonwealth the unrestricted authority to apply Massachusetts procedural and substantive law in every modification proceeding, as the probate judge appears to have concluded. That interpretation oversimplifies the choice of law doctrine, and undercuts another operative provision of the statute, G. L. c. 209D, § 6-611 (§ 6-611).

Section 6-611, as amended through St. 1998, c. 64, § 278, states, in relevant part:

"(a) After a child support order issued in another state has been registered in the commonwealth, the responding tribunal of the commonwealth may modify that order only if section 6-613 does not apply and after notice and hearing it finds that:

"(1) the following requirements are met:

"(i) the child, the individual obligee, and the obligor do not reside in the issuing state;

monwealth, the probate court for the county in which said minors or any of them are inhabitants or residents, upon an action of either parent or of a next friend in behalf of the children, after notice to both parents, shall have the same power to make judgments relative to their care, custody, education and maintenance, and to revise and alter such judgments or make new judgments, as if the divorce had been adjudged in this commonwealth."

Since this statute was last amended in 1986, we conclude the provisions of G. L. c. 209D, first enacted in 1995, take priority, especially given the full faith and credit purposes of the UIFSA and its cognate State statutes. See Peddar v. Peddar, 43 Mass. App. Ct. 192, 196 (1997).

"(ii) a petitioner who is a nonresident of the commonwealth seeks modification; and

"(iii) the respondent is subject to the personal jurisdiction of the tribunal of the commonwealth;

". . .

"(c) A tribunal of the commonwealth may not modify any aspect of a child support order that may not be modified under the law of the issuing state."

The procedural and substantive law of Massachusetts generally governs modification. However, if the parties and the children have moved from the issuing State and the party petitioning for modification does not reside in Massachusetts, see § 6-611(a)(1), or if the parties and the children all reside here, see § 6-613(a), then § 6-611(c) explicitly prohibits modification if the aspect of the child support order at issue may not be modified under the law of the issuing State.[9]

The question then becomes whether § 6-611(c) operates independently of § 6-611(a), thus limiting the jurisdictional mandates of § 6-613 in this matter. In effect, the fact that the father is indeed a resident of Massachusetts — rendering § 6-611(a)(1)(ii) inapplicable — does not, in turn, render the statutory limit on judicial authority set forth in § 6-611(c) meaningless.

To further inform our statutory construction of these sections, we consider the cognate provisions of the UIFSA, together with any accompanying commentary for insight into the legislative intent of G. L. c. 209D. See *Klingel* v. *Reill*, 446 Mass. 80, 82-83 (2006). "General Laws c. 209D was enacted in 1995, St. 1995, c. 5, § 87, adopting the 1992 version of the [UIFSA]." *Id.* at 83, citing *Child Support Enforcement Div. of Alaska* v. *Brenckle*, 424 Mass. 214, 217-218 (1997). As originally enacted, § 6-611 adopted language identical to § 611 of the 1992

---

[9]The Vermont Supreme Court, although ruling that the UIFSA did not apply retroactively to the modification of foreign child support orders, stated that the substantive restriction contained in § 611(c), as codified, would have precluded a Vermont court from reducing the duration of a New York support order if the UIFSA had applied. *Cavallari* v. *Martin*, 169 Vt. 210, 214-216 (1999).

UIFSA. UIFSA (1992) § 611, *supra* at 513-514. When the UIFSA was revised in 1996, the Legislature adopted the changes as provided in the UIFSA, amending the language of § 6-611 in relevant part and adding § 6-613. See St. 1998, c. 64, §§ 278-281; UIFSA (1996) §§ 611, 613, *supra* at 442-443, 454. In the comment to § 611 of the 1996 UIFSA, the drafters explained:

> "Subsection (b) states that if the forum has modification jurisdiction because the issuing state has lost continuing, exclusive jurisdiction, the proceedings will generally follow local law with regard to modification of child support orders. *However, Subsection (c) prevents the modification of any final, nonmodifiable aspect of the original order. For example, if child support was ordered through age 21 in accordance with the law of the issuing state and the law of the forum state ends the support obligation at 18, modification by the forum tribunal may not affect the duration of the support order to age 21"* (emphasis added).

Comment to UIFSA (1996) § 611, *supra* at 446. See comment to UIFSA (1992) § 611, *supra* at 516. Furthermore, following the UIFSA's 1996 revision, the drafters elaborated in the comment to § 613:

> "Finally, because modification of the child support order when all parties reside in the forum is essentially an intrastate matter, Subsection (b) withdraws authority to apply most of the substantive and procedural provisions of UIFSA, i.e., those found in the Act other than in Articles 1, 2, and 6. *Note, however, that the provision in Section 611(c) forbidding modification of nonmodifiable aspects of the controlling order applies. For example, the duration of the support obligation remains fixed despite the subsequent residence of all parties in a new State with a different duration of child support"* (emphasis added).

Comment to UIFSA (1996) § 613, *supra* at 454.

The father's interpretation of § 6-611(c) as limiting the general authority to modify a child support order under § 6-613 is consistent with and supported by the rationale of the UIFSA, as articulated in the comments. "When the Legislature adopted the

language of the 1992 [and 1996] version[s] of UIFSA . . . it intended an interpretation of that [language] consistent with the rationale explained in the comment accompanying that language." *Klingel* v. *Reill,* 446 Mass. at 84. In light of the UIFSA's statement that the duration of a support obligation constitutes a nonmodifiable aspect of an original support order even in seemingly intrastate circumstances, it thus follows that the Legislature intended § 6-611(*c*) to curb the court's modification jurisdiction, whether it was so exercised pursuant to § 6-611 or § 6-613.[10]

Although this case presents an issue of first impression in Massachusetts, courts of other States have squarely addressed the intended relationship between § 611 and § 613 of the UIFSA, on the choice of substantive law applicable to modification proceedings. At least one court has done so where, as here, the parents and children now all live in the same new State. The Minnesota Court of Appeals posited "[i]f a Mississippi court has issued a child-support order that has been registered for enforcement and modification in Minnesota pursuant to the [UIFSA], [as codified in Minnesota by] Minn. Stat. §§ 518C.101-.902, may the district court modify the duration of child-support obligation pursuant to Minnesota law?" *Hennepin County* v. *Hill,* 777 N.W.2d 252, 254 (Minn. Ct. App. 2010).

In *Hill,* the parents and the three children moved to Minnesota sometime following the issuance of a support order by a Mississippi court. *Ibid.* The father subsequently initiated proceedings in Minnesota to terminate his support obligation after the parties' youngest child reached the age of twenty, the age of majority in that State; in contrast, the law of the issuing State, Mississippi, provided for child support until the child reached the age of twenty-one. *Id.* at 253-254. Relying on the UIFSA's 1996 amendments and comments, as well as decisions from

---

[10]Although not adopted by Massachusetts, the 2001 and 2008 amendments to the UIFSA emphasize with utmost clarity that the law of the issuing State governs the duration of a child support obligation. See UIFSA (2001) § 611 & comment, § 613, *supra* at 254-259, 261; UIFSA (2008) (Supp. 2012) § 611 & comment, *supra* at 139-142. While some jurisdictions have taken guidance from subsequent, albeit unadopted, amendments of the UIFSA, see, e.g., *Matter of Scott,* 160 N.H. 354, 361 (2010); *In re Schneider,* 173 Wash. 2d 353, 365 (2011), Massachusetts has not done so. See *Hennepin County* v. *Hill,* 777 N.W.2d 252, 256 n.2 (Minn. Ct. App. 2010).

courts of other States,[11] the Minnesota court concluded: "Because a Mississippi court issued the original order requiring Hill to pay child support, and because Mississippi law would not allow the duration of Hill's child-support obligation to be modified given the facts of this case, Hill may not obtain modification of the duration of his child-support obligation pursuant to Minnesota law." *Id.* at 257. See *Matter of Scott,* 160 N.H. 354, 360-361 (2010) (although otherwise modifiable pursuant to New Hampshire law, Massachusetts law governed the duration of a Massachusetts child support order, as explained in the 1996 comments to § 611 of the UIFSA and as confirmed by the unadopted 2001 comments of the same).

Thus, by the same logic, a Massachusetts court may not modify the duration of the father's child support obligation pursuant to Massachusetts law, because a Florida court issued the original order requiring the father to pay child support, and Florida law would not allow the duration of the father's child support obligation to be modified. Given the facts of this case, the youngest child reached her eighteenth birthday in September, 2010, prior to the father's filing of his complaint for modification. At that point, the father's child support obligation terminated entirely.[12]

---

[11]The court in *Hill* noted: "In addition, the courts of other states, when presented with this question, consistently have held that the duration of a child-support obligation may not be modified if the law of the issuing state would not permit it to be modified." *Hennepin County* v. *Hill,* 777 N.W.2d at 256-257, citing *C.K.* v. *J.M.S.,* 931 So. 2d 724, 729 (Ala. Civ. App. 2005); *Marriage of Doetzl,* 31 Kan. App. 2d 331, 336-337 (2003); *Holbrook* v. *Cummings,* 132 Md. App. 60, 67-69, cert. granted, 360 Md. 273 (2000); *Lunceford* v. *Lunceford,* 204 S.W.3d 699, 707-709 (Mo. Ct. App. 2006); *Wills* v. *Wills,* 16 Neb. App. 559, 559-564 (2008); *Marriage of Cooney,* 150 Or. App. 323, 325-328 (1997). "These opinions are relevant to our analysis because uniform laws should be 'interpreted to effect their general purpose to make uniform the laws of those states that enact them.' " *Hennepin County* v. *Hill, supra* at 257, quoting from *Johnson* v. *Murray,* 648 N.W.2d 664, 670 (Minn. 2002).

[12]Here, the fact that the Florida Circuit Court relinquished jurisdiction by court order, see note 4, *supra,* does not alter our analysis. A Florida court that issues a child support order generally retains continuing, exclusive jurisdiction only so long as Florida remains the residence of the obligor, the individual obligee, or the child for whose benefit the order was issued. Fla. Stat. § 88.2051(1)(a) (2012). See 28 U.S.C. § 1738B(*d*) (2006). At the time the Florida Circuit Court relinquished jurisdiction, it no longer retained continuing, exclusive jurisdiction as all relevant parties were no longer Florida residents. See *Trissler* v. *Trissler,* 987 So. 2d 209, 211 (Fla. Dist. Ct. App.

Based on the above, the judge erred in determining that § 6-613 compels the conclusion that Massachusetts substantive law, G. L. c. 208, § 28, governs the duration of the father's child support obligation. We reverse the summary judgment dated October 31, 2011, and a new judgment shall enter in favor of the father.

*So ordered.*

2008) ("In this case, it is undisputed that none of the parties or the children have resided in [the issuing State] since 2001. As a result, [the issuing State] lost 'continuing, exclusive jurisdiction' over the child support matter").