**Cynthia J. REICHENBACHER, Appellee,**

v.

**Bruce K. REICHENBACHER, Appellant.**

Superior Court of Pennsylvania.

Argued March 23, 1999.

Filed April 29, 1999.

Before DEL SOLE, JOYCE and BECK, JJ.

DEL SOLE, J.:

¶ 1 Husband and Wife were divorced in 1993 in Massachusetts. Husband made child support payments to Wife for one minor Child pursuant to an agreement merged and incorporated into the divorce decree. In 1998, in the Court of Common Pleas of Butler County, Husband filed an exemplified record of the Massachusetts proceedings, including the judgment of divorce and the separation agreement. Husband subsequently petitioned to modify the amount of child support. The trial court declined to exercise jurisdiction and denied Husband's petition. Husband

---

moved for reconsideration. The trial court denied Husband's motion for reconsideration. Husband now appeals. We reverse and remand.

¶ 2 Husband and Wife resided in Massachusetts during their marriage. Their divorce decree was filed in Massachusetts in 1993. In 1994, Husband requested a modification of the amount of child support payments which was subsequently ordered by a Massachusetts family court. In 1998, Husband again requested a modification of child support payments. At the time of Husband's petition, he was a resident of California. Wife and Child were residents of Pennsylvania. Husband filed this petition in Pennsylvania and requested a hearing on the modification. Wife objected and argued that the Pennsylvania trial court was without jurisdiction to modify the child support. The trial court agreed. Husband raises one issue for our review: whether the trial court erred in failing to schedule a hearing to determine if 23 Pa. C.S.A. § 7611(a)(1) permits Husband to seek a modification of child support in Pennsylvania.

¶ 3 Section 7611(a)(1) of 23 Pa.C.S.A. entitled *Modification of child support order of another state*, provides, in pertinent part,

> After a child support order issued in another state has been registered in this State, the responding tribunal of this State may modify that order ... if ... after notice and hearing it finds that:
> (1) The following requirements are met:
> (i) the child, the individual obligee and the obligor do not reside in the issuing state;
> (ii) a petitioner who is a nonresident of this State seeks modification; and
> (iii) the respondent is subject to the personal jurisdiction of the tribunal of this State.

23 Pa.C.S.A. § 7611(a)(1).

¶ 4 The trial court did not hold a hearing to determine the application of § 7611.

Instead, it found that Massachusetts had continuing exclusive jurisdiction over this case pursuant to the Massachusetts counterpart of 23 Pa.C.S.A. § 7205.[1] The Massachusetts statute, entitled *Continuing, Exclusive Jurisdiction*, is virtually identical to the Pennsylvania statute and provides:

> (a) A tribunal of the commonwealth issuing a support order consistent with the law of the commonwealth has continuing, exclusive jurisdiction over a child support order:
>
> (1) as long as the commonwealth remains the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued;

MASS. ANN. LAWS ch. 209D, § 2–205 (1999).

¶ 5 This statute is adopted directly from the Uniform Interstate Family Support Act. The comment to this section in the Uniform Act is helpful:

> Just as Subsection (a)(1) defines the retention of continuing, exclusive jurisdiction, by clear implication the subsection also defines how jurisdiction to modify may be lost. That is, if all the relevant persons – the obligor, the individual obligee, and the child – have permanently left the issuing state, the issuing state no longer has an appropriate nexus with the parties or the child to justify exercise of jurisdiction to modify. Further, the issuing tribunal has no current information about the factual circumstances of anyone involved, and the taxpayers of that state have no reason to expend public funds on the process.

UNIF. INTERSTATE FAMILY SUPPORT ACT § 205(a)(1) cmt. (1998).

¶ 6 Also helpful in our analysis is the comment to § 611, adopted in Pennsylvania as 23 Pa.C.S.A. § 7611:

---

1. The trial court also relied on 23 Pa.C.S.A. § 7206(c). Trial Court Opinion, 07/24/98, at 1–2. However, § 7206(c) applies to orders of spousal support and is not applicable to this case, which involves only an order of child support.

... if the issuing state no longer has a sufficient interest in the modification of its order under the factual circumstances described in this section, after registration the responding state may assume the power to modify.... Once every individual party and the child leave the issuing state, the continuing, exclusive jurisdiction of the issuing tribunal to modify its order terminates....

UNIF. INTERSTATE FAMILY SUPPORT ACT § 611 cmt. (1998).

¶ 7 Father alleges that he, Mother and Child no longer reside in Massachusetts. Rather, he claims Mother and Child reside in Butler County, Pennsylvania. Under these circumstances, Massachusetts would no longer have a sufficient interest in its order to prevent the Pennsylvania courts from considering modification. Further, it would be in Pennsylvania's interest to determine the amount of support for the Pennsylvania resident child. Therefore, we reverse and remand, with the direction that the trial court consider the application of 23 Pa.C.S.A. § 7611(a). If the conditions of this section are met, the court should then address the issue of modification.

¶ 8 Order reversed and remanded. Jurisdiction relinquished.