**Catriona Margaret Kerr SIMPSON,
n/k/a Catriona McIvor,
Appellant,**

**v.**

**David Paterson SINCLAIR, Appellee.**

Superior Court of Pennsylvania.

Argued May 30, 2001.

Filed Dec. 19, 2001.

Hannah Gardner, West Chester, for appellant.

Gerald M. Hershenson, Langhorne, for appellee.

Before: EAKIN, MUSMANNO and TODD, JJ.

EAKIN, J.:

¶ 1 Catriona Margaret Kerr Simpson (Wife) appeals from the order denying her request to register a Scottish support order. She and David Paterson Sinclair (Husband) were married June 1, 1995, in Scotland, where she still resides. She alleges Husband lives in Philadelphia, Pennsylvania.

¶ 2 Wife filed a divorce complaint in Philadelphia, but that case was dismissed on Husband's objections to jurisdiction; essentially, Wife was told she needed to pursue her action in Scotland, not Pennsylvania. After the Scottish court entered an order requiring Husband to pay £400 per week, Wife attempted to register that order in Philadelphia. The trial court sustained Husband's objections and refused to allow registration; from that order Wife appeals, raising the following issues:

1. Did the lower court err when it failed to register a foreign support order which in all particulars conformed to the requirements of 23 Pa.C.S. § 7605 and to which no statutory defense was entered?

a. Did the lower court err when it applied the jurisdiction requisite for divorce with the jurisdiction for registration of a valid support order?

b. Did the lower court err when it failed to follow the statute which requires that the defendant prove a defense to registration?

c. Did the lower court err when it faulted the plaintiff for failing to provide testimony when the statute requires that the defendant prove a defense, and scheduled an argument rather than a hearing, which forestalled the presentation of testimony?

d. Did the lower court err when it limited counsel to argument rather than taking testimony in a hearing as the statute requires?

e. Did the lower court err when it relied on collateral estoppel to deny registration?

f. Did the lower court's decision run roughshod over the idea of comity with the courts of the United Kingdom?

Wife's Brief, at 4.

■ ¶ 3 In reviewing a decision concerning the registration of a foreign support order, our standard of review is whether the trial court manifestly abused its discretion or committed an error of law. *Stewart v. Stewart*, 743 A.2d 955, 956 (Pa.Super.1999) (citation omitted).

■ ¶ 4 Registration of foreign support orders is provided for in Section 7602 of the Divorce Code:

(a) General rule.—A support order or income-withholding order of another state [1] may be registered in this State

___

1. Section 7101(b) defines "state" to include a foreign jurisdiction with a law or procedures for issuance and enforcement of support orders which are substantially similar to Pennsylvania's. The trial court properly notes the Scottish order falls into this definition. The

by sending the following documents and information to the appropriate tribunal in this State:

(1) A letter of transmittal to the tribunal requesting registration and enforcement.

(2) Two copies, including one certified copy, of the order to be registered, including any modification of the order.

(3) A sworn statement by the party seeking registration or a certified statement by the custodian of the records showing the amount of any arrearage.

(4) The name of the obligor and, if known:

(i) the obligor's address and Social Security number;

(ii) the name and address of the obligor's employer and any other source of income of the obligor; and

(iii) a description and the location of property of the obligor in this State not exempt from execution.

(5) The name and address of the obligee and, if applicable, the agency or person to whom support payments are to be remitted.

(b) Docketing.—On receipt of a request for registration, the registering tribunal shall file the order as a foreign judgment, together with one copy of the documents and information, regardless of their form.

23 Pa.C.S. § 7602.

¶ 5 This Section makes it clear registration is a ministerial act, requiring the trial court to register the foreign order upon receipt of the specified documents. 23 Pa. C.S. § 7602(b). The language in Subsection (b) is mandatory: if a party provides the proper documents, "the registering tribunal *shall* file the order as a foreign judgment...." *Id.* (emphasis added).

■ ¶ 6 The trial court denied Wife's request based on collateral estoppel, citing the unappealed finding of a lack of jurisdiction in the divorce case. This was error. 23 Pa.C.S. § 3104 is quite specific: six months' residency is required for divorce jurisdiction. For registering foreign support orders, however, six months' residency is not a requirement for jurisdiction. As such, the issue in the divorce ruling (lack of six months' residency) is not identical to that presented now, and collateral estoppel does not preclude jurisdiction.

■ ¶ 7 The learned trial court also erred in placing the burden of proof on Wife. The Act mandates Wife's order be registered if she included the documents required in Section 7602; there is nothing in the record to suggest she did not comply, and the court states she "filed the appropriate papers." The trial court was then required to notify Husband of the registration of the order and how he could contest it. 23 Pa.C.S. § 7605(a).

¶ 8 It then became Husband's burden to contest the validity of the registered order. Section 7606 provides:

(a) ACTION.—A nonregistering party seeking to contest the validity or enforcement of a registered order in this State must request a hearing within 20 days after the date of mailing or personal service of notice of the registration. The nonregistering party may seek to vacate the registration, to assert any defense to an allegation of noncompliance with the registered order or to contest the remedies being sought or the

treaty between the United States and the United Kingdom known as the Recovery of Maintenance Order 1993, specifically lists Pennsylvania as having reciprocal enforcement of support.

amount of any alleged arrearages pursuant to section 7607 (relating to contest of registration or enforcement).

(b) INACTION.—If the nonregistering party fails to contest the validity or enforcement of the registered order in a timely manner, the order is confirmed by operation of law.

23 Pa.C.S. § 7606.

¶ 9 If Husband wished to contest registration, he had the burden of proving a defense enumerated in Section 7607(a); if he failed to meet that burden, the trial court would confirm the registered order. 23 Pa.C.S. § 7607(c) provides that "if the contesting party does not establish a defense under subsection (a) to the validity or enforcement of the order, the registering tribunal shall issue an order confirming the order." Once confirmed, the order is not subject to further attack. 23 Pa. C.S. § 7609.

¶ 10 There is nothing in the Act suggesting it is Wife's burden to prove jurisdiction; it is Husband's burden to disprove it. As collateral estoppel does not apply, we must conclude the trial court's refusal to register this order constitutes an error of law. Accordingly, we reverse the trial court's order and remand with instructions to register the Scottish support order pursuant to the Act.

¶ 11 Order reversed; case remanded. Jurisdiction relinquished.