**Juan CASIANO, Appellant**

v.

**Maria CASIANO, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 30, 2002.
Filed Dec. 11, 2002.
Reargument Denied Dec. 14, 2002.

Arnold Machles, Bala Cynwyd, for appellant.

Before: JOHNSON, BENDER and KELLY, JJ.

BENDER, J.

¶ 1 Juan Casiano (Father) appeals from the May 1, 2002 order of the Court of Common Pleas of Philadelphia County denying his Petition for Special Relief seeking Pennsylvania jurisdiction over a child support order entered in Georgia, so that the Pennsylvania court could entertain Father's Petition to Modify. The order also directed the transfer of Father's Petition to Modify to San Diego, California, the residence of Maria Casiano (Mother) and the parties' two children.

¶ 2 Father and Mother were married in San Diego in August of 1983. The parties' one son was born on October 15, 1984, in

San Diego, and their other son was born on November 19, 1989, in Germany, where Father was stationed as a member of the military. For a period of four months in 1990, occurring during Father's transfer from Germany to Aberdeen, Maryland, Mother and the two children stayed with Father's mother in Philadelphia, Pennsylvania. The older child attended school in Philadelphia for that short period of time. The parties separated in either 1992 or 1993, at which time Mother moved to San Diego with the two children. At some point thereafter, Father was transferred to Georgia and obtained a divorce on April 25, 1997. The divorce decree issued by the Superior Court of Muscogee County, Georgia, ordered Father to pay $625 per month child support ($312.50 per child). Presently, Father, who is no longer in the military, resides in Philadelphia, Pennsylvania, and Mother continues to live in San Diego with the parties' two sons.

¶ 3 On October 19, 2001, Father filed the Petition for Special Relief to have Pennsylvania exercise personal jurisdiction over Mother and allow Father to file a Petition to Modify the Georgia support order in Pennsylvania. Craig Van Thiel, a Child Support Officer in the Interstate Unit of the Department of Child Support Services from San Diego County, California, responded by letter to the Pennsylvania court, indicating that pursuant to the Uniform Interstate Family Support Act (UIFSA) as adopted in Pennsylvania, 23 Pa.C.S. §§ 7101–7901, California had jurisdiction over the matter and that Father should seek to modify the Georgia support order in California. *See* Trial Court Opinion (T.C.O.), 6/27/02, at 2; Thiel letter, 12/6/01, at 2.

¶ 4 On January 31, 2002, the court heard argument on the jurisdiction issue.[1] The court determined that "Georgia no longer ha[d] continuing, exclusive jurisdiction to modify its child support order since all of the parties and the children ha[d] left that state." T.C.O. at 4. The court also determined that Pennsylvania did not have jurisdiction to modify the Georgia order. It explained the basis for this decision as follows:

Father's contention that Pennsylvania could assume jurisdiction of the Georgia order through use of the long arm statute contained in 23 Pa.C.S.A. [§ ] 7201(3) is without merit. While the purpose of 23 Pa.C.S.A. [§ ] 7201 is to provide the courts in Pennsylvania with a basis for exercising personal jurisdiction over a nonresident individual so that Pennsylvania can establish, enforce or modify a support order in this state, that is not the issue before the court in the instant case.

Here, Father is attempting to modify the child support order of another state. Under the UIFSA Statute adopted by Pennsylvania there is a specific provision detailing the requirements that must be met in order to modify such an order, namely 23 Pa.C.S.A. [§ ] 7611(a)(1) and that section prevails under our fact pattern. One of the requirements that must be met in that provision is that the petitioner seeking modification must be a nonresident of Pennsylvania. Therefore, as Father does not meet all of the requirements necessary for Pennsylvania to exercise jurisdiction under section 7611(a)(1), this court determined that California has jurisdiction over this matter and that Fa-

---

1. Father was represented by counsel and Mr. Thiel argued via telephone on behalf of Moth-    er.

ther's Petition to Modify should be filed in that state.

T.C.O. at 4–5. Accordingly, the court denied the Petition for Special Relief and directed the transfer of the case to California.[2]

¶ 5 Father now appeals to this Court, raising the following two issues:

I.  Did the lower court err in refusing to accept jurisdiction of this Petition to Modify Support under the Uniform Interstate Family Support Act?

II. Did the lower court err in ordering the transfer of [F]ather's Petition to Modify Support to San Diego, California?

Brief of Father at 4.

■ ¶ 6 Initially, we recognize that Father's Petition for Special Relief is in actuality an attempt to register a foreign support order, a pre-requisite to his request for a modification. "In reviewing a decision concerning the registration of a foreign support order, our standard of review is whether the trial court manifestly abused its discretion or committed an error of law." *Simpson v. Sinclair*, 788 A.2d 1016, 1017 (Pa.Super.2001), *appeal denied*, 806 A.2d 862 (Pa.2002). Furthermore, we note that Father agrees with the lower court's determination that Georgia no longer has continuing, exclusive jurisdiction in this matter because neither party nor the children reside in that state. 23 Pa.C.S. § 7205; *Reichenbacher v. Reichenbacher*, 729 A.2d 97 (Pa.Super.1999).

¶ 7 Rather Father argues that 23 Pa. C.S. § 7201 provides a basis for Pennsylvania to exercise personal jurisdiction over Mother and that, therefore, Pennsylvania has jurisdiction to entertain Father's Peti-

tion for Modification. Section 7201 states in pertinent part that:

**§ 7201. Bases for jurisdiction over nonresident**

In a proceeding to establish, enforce or modify a support order or determine parentage, a tribunal of this State may exercise personal jurisdiction over a nonresident individual or the individual's guardian or conservator if any of the following apply:

. . .

(3) The individual resided with the child in this State.

In order to fit within the requirements of Section 7201, Father relies on the four month period of time in 1990, when Mother and the two children stayed at his family's home in Philadelphia while enroute from Germany to Father's next military assignment in Maryland.

¶ 8 Father also relies on a portion of the comment to the UIFSA that discusses the intent of the "long-arm" provisions of the UIFSA. Specifically, the comment, following 23 Pa.C.S. § 7201, states that:

The intent is to insure that every enacting state has a long-arm statute as broad as constitutionally permitted. In situations in which the long-arm statute can be satisfied, the petitioner (either obligor or the obligee) has two options: (1) utilize the long-arm statute to obtain personal jurisdiction over the respondent; or (2) initiate a two-state action under the succeeding provisions of UIFSA seeking to establish a support order in the respondent's state of residence.

¶ 9 Father contends that the lower court only recognized option (2), the two-state action, while he believes he is entitled to

---

**2.** On May 17, 2002, the court entered a supersedeas order, deferring the transfer to California until further order of court.

proceed under option (1), having Pennsylvania, not California, oversee the implementation of a new support order.

¶ 10 The countervailing argument relied upon by Mother and the court below rests on 23 Pa.C.S. § 7611, which states in pertinent part:

**§ 7611. Modification of child support order of another state** .

(a) **Authority.**—After a child support order issued in another state has been registered in this State, the responding tribunal of this State may modify that order only if . . . after notice and hearing it finds that:

(1) the following requirements are met:

    (i) the child, the individual obligee and the obligor do not reside in the issuing state;

    (ii) a petitioner who is a nonresident of this State seeks modification; and

    (iii) the respondent is subject to the personal jurisdiction of the tribunal of this State.

Mother's contention is that because Father *is* a resident of Pennsylvania, he cannot meet the requirement under Section 7611(a)(1)(ii) and, consequently, Pennsylvania is not in a position to accept jurisdiction to modify the Georgia support order.

¶ 11 We begin our discussion by citing the well-established principles of statutory construction, in particular, 1 Pa. C.S. § 1932, which provides that statutes or parts of statutes that relate to the same persons or things or to the same class of persons or things are to be construed together, if possible. *See Mid–State Bank and Trust Co. v. Globalnet Int'l, Inc.,* 710 A.2d 1187, 1193 (Pa.Super.1998), *aff'd,* 557 Pa. 555, 735 A.2d 79 (1999). Moreover, individual provisions of a statute should

not be read in the abstract, but "must be construed with a view to its place in the entire legislative structure of the [statute]." *In the Matter of T.R.,* 445 Pa.Super. 553, 665 A.2d 1260, 1264 (1995), *rev'd on other grounds,* 557 Pa. 99, 731 A.2d 1276 (1999). Thus, we are required to view both provisions of the UIFSA together and should not rely solely on either provision to the exclusion of the other.

¶ 12 Notably, Section 7611(a)(1)(iii) requires the respondent to be amenable to personal jurisdiction in this state. For purposes of this discussion, we will assume, but not hold, that personal jurisdiction over Mother can be accomplished by way of Section 7201 on the basis asserted by Father (that Mother resided in Pennsylvania with the children). However, we cannot overlook the other requirements in Section 7611(a). Clearly, in this case, subsection (i) refers to the fact that neither Mother, Father nor the children live in Georgia, the issuing state; thus, this requirement would be met. However, the last hurdle centers on subsection (ii), which requires Father, the petitioner here, to be a nonresident of Pennsylvania. He is not. Therefore, regardless of whether the "long-arm" provision could be implemented under the factual scenario here, Father does not meet the requirement set forth in 23 Pa.C.S. § 7611(a)(1)(ii), a provision with which he must comply in order for a Pennsylvania court to have jurisdiction to modify a child support order of another state. To decide otherwise would ignore the provisions in Section 7611(a).

¶ 13 Accordingly, we conclude that the court below did not err as a matter of law in finding that Pennsylvania does not have jurisdiction in this matter. This conclusion leaves Father with the option of initiating a two-state action to establish a support order in California, as contemplated by the lower court; or Father could

allow the Georgia order to stand until such time when either he or Mother deem it necessary to request a change in the status quo. We believe that the lower court's order transferring Father's Petition to Modify to California is not proper in that it infringes on Father's right to decide whether he wishes to subject himself to California jurisdiction at this time. In light of our decision here, Father should have the opportunity to review his options.

¶ 14 Order affirmed as to the lack of jurisdiction. Order reversed as to the transfer to California.[3] Jurisdiction relinquished.

---

**3.** Having reversed that portion of the court's order transferring this matter to California, we note that as a result the supersedeas order is void.