J-A25035-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| OLIVIA J. CASSELL, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GABRIEL B. CASSELL, | |
| Appellant | No. 741 EDA 2014 |

Appeal from the Order Entered February 25, 2014
in the Court of Common Pleas of Montgomery County
Civil Division at No.: 13-09733

BEFORE: DONOHUE, J., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED DECEMBER 31, 2014**

Appellant, Gabriel B. Cassell (Father), appeals *pro se* from the February 25, 2014 order overruling and dismissing his April 25, 2013 Objection to Registration of Foreign Order. Appellant claims fraud. We affirm.

The trial court summarized the procedural history of this case in pertinent part as follows:

On April 9, 2013, the Domestic Relations Section of the Court of Common Pleas [of] Montgomery County[] issued a Notice of Registration of Order–(UIFSA)[1] case, in this matter. The Notice incorporated by attachment a March 31, 2006 [f]indings of [f]act, [c]onclusions of [l]aw, and [o]rder for [j]udgment from Ramsey County, Minnesota[]. On April 25,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Uniform Interstate Family Support Act, 23 Pa.C.S.A. ¶¶ 7101-7901.

2013, [Father] filed an [o]bjection . . . . because "the order was obtained by fraud" and "the issuing tribunal lacked personal jurisdiction over [Mother] and the child." [(Objection to Foreign Order, 4/25/13, at unnumbered page 2).]

(Trial Court Opinion, 5/07/14, at 1).

The trial court held a hearing on February 7, 2014. On February 25, 2014, the court overruled and dismissed Father's objection. Father timely appealed on March 6, 2014.[2]

Father raises one issue for our review: "[Father] wishes to raise a single issue in this brief–the question of fraud." (Father's Brief, at 5).[3]

"In reviewing a decision concerning the registration of a foreign support order, our standard of review is whether the trial court manifestly abused its discretion or committed an error of law." *Simpson v. Sinclair*, 788 A.2d 1016, 1017 (Pa. Super. 2001), *appeal denied*, 806 A.2d 862 (Pa. 2002) (citation omitted).

_____

[2] Pursuant to the trial court's March 11, 2014 order, Father filed a Rule 1925(b) statement on March 21, 2014. The court entered its Rule 1925(a) opinion on May 7, 2014. *See* Pa.R.A.P. 1925.

[3] Father's brief fails to comply with Pennsylvania Rule of Appellate Procedure 2111(a), which states in relevant part: "The brief . . . shall . . . [contain a] [s]tatement of the questions involved . . . [and] a copy of the statement of errors complained of on appeal." Pa.R.A.P. 2111(a)(4), (11); *see also* Pa.R.A.P. 2116(a). Because we are able to discern the crux of Father's argument on appeal, we decline to find waiver. *See* Pa.R.A.P. 2101 (authorizing quashal where substantial briefing defects); *see also* ***Commonwealth v. Levy***, 83 A.3d 457, 461 n.2 (Pa. Super. 2013) (declining to find waiver where omissions do not impede review).

Here, Father argues that, "[w]hether [Father's] minor child and [Mother] were residing in Ramsey County, Minnesota or in Anoka County, Minnesota, is clearly a question of fact." (Father's Brief, at 5). He continues, "[Mother] and her attorneys, as well as Ramsey County[,] had repeatedly maintained that [M]other and minor child resided in Ramsey County when the case was filed. [Father] has maintained that the claim of residence in Ramsey County is fraud and that the order was obtained by fraud." (*Id.*). This issue lacks merit.

It is well-settled that: "[r]es judicata, which is also known as claim preclusion, holds that a final judgment on the merits by a court of competent jurisdiction will bar any future action on the same cause of action between the parties and their privies." ***Rearick v. Elderton State Bank***, 97 A.3d 374, 380 (Pa. Super. 2014) (citation omitted). Furthermore, "[r]ecognition of a judgment entered in one state by a sister state is mandated by the full faith and credit clause of the U.S. Constitution and the Full Faith and Credit Act." ***Louis Dreyfus Commodities Suisse SA v. Fin. Software Sys., Inc.***, 99 A.3d 79, 82 (Pa. Super. 2014) (citations omitted).

Here, the record reflects that Father has raised the issue of fraud and lack of jurisdiction with the family court in Ramsey County, Minnesota and the Minnesota Court of Appeals, based on Mother's subsequent move to Anoka County. (**See** N.T. Hearing, 2/07/14, at 6-7, 11, 15-18, 21-24, 26-28, 33, 38, 42; **see also** Mother's Hearing Exhibit 8, Minnesota Order, 1/30/09, at 2, 4-6). In response, the Minnesota courts have repeatedly

found that Mother did not commit fraud, and jurisdiction and venue are proper in Ramsey County. (**See** N.T. Hearing, 2/07/14, at 6-7, 11, 15-16, 23; **see also** Mother's Hearing Exhibits 2, 7, and 8; Minnesota Order, 3/21/06, at 2; Minnesota Order, 7/26/07, at 2-3; Minnesota Order, 1/30/09, at 1, 6 ("[Father] raised the issue of venue and jurisdiction on appeal to the Minnesota Court of Appeals."); **Cassell v. Cassell**, 2008 WL 2651425, unpublished opinion (Minn. App. July 8, 2008)).

Therefore, we conclude that the trial court properly determined that Father has previously litigated his issue in Minnesota and *res judicata* prohibits him from re-litigating the issue in Pennsylvania. (**See** Trial Ct. Op., at 7-11; N.T. Hearing, 2/07/14, at 14, 17-18); **see also Rearick**, **supra** at 380; **Louis**, **supra** at 82. Accordingly, the trial court did not abuse its discretion or commit an error of law in overruling and dismissing Father's objections. **See Simpson**, **supra** at 1017. Father's issue on appeal does not merit relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/31/2014

- 4 -