J-A33027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| GLENDA K. SMITH | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIE J. COLEMAN | |
| Appellant | No. 1080 EDA 2015 |

Appeal from the Order entered August 18, 2014
In the Court of Common Pleas of Philadelphia County
Domestic Relations at No: 13-09259

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 03, 2016**

Appellant, Willie J. Coleman, appeals from the trial court's August 18, 2014 order registering a Texas child support order for enforcement against him.  Upon review, we quash this appeal.

The trial court summarized the relevant history as follows.

> On May 14, 2013, Pennsylvania received an Interstate Child Support Enforcement Transmittal from the state of Texas requesting registration of a Texas support order in Pennsylvania for enforcement only, as well as for income withholding.  A Petition to Contest Validity and Enforcement of Foreign Support Order was filed on behalf of [Appellant] on July 22, 2013, alleging lack of personal jurisdiction due to lack of service on [Appellant] and a fraudulent allegation that he was the father of the child.

---

[*] Retired Senior Judge assigned to the Superior Court.

The hearings on [Appellant]'s Petition were held on October 23, 2013 and on December 13, 2013, at which time a decision was reserved pending receipt of genetic test results concerning the child in question. When genetic test results showed a positive result, an adjudication of paternity was entered by order dated January 17, 2104. Shortly thereafter, this court sent a Draft Opinion to Father's attorney, as well as to the Assistant District Attorney, concluding that there had been no service on Father for the hearing date of February 14, 2008, and that, therefore, the request for registration should be denied. The purpose of circulating the Opinion was to prompt negotiations between the parties to try to reach an agreement, since the denial of registration would deprive Mother an enforcement vehicle for the support order, while the obligation against [Appellant] would continue to accrue in Texas.

During a telephone conversation with the attorneys, however, this court advised them that, after further consideration, this court had reached a different conclusion and would likely enter an order approving registration. Additional time was afforded the parties to try to reach an agreement. When one proposed agreement was rejected by this court and no further agreement was submitted after a delay of several additional months, a final decision was entered on August 18, 2014 permitting the registration of the Texas order in Pennsylvania.

. . . .

[Appellant] filed a *pro se* Motion for Reconsideration on September 2, 2014, which was set for a hearing in the event that [Appellant] intended to obtain new counsel so that new counsel would have the opportunity to see if an agreement could be reached. On February 27, 2015, [Appellant] filed a Motion for Recusal, alleging bias and prejudice on the part of this court.

On March 11, 2015, [Appellant]'s Motion for Recusal and Motion for Reconsideration were denied after a hearing and the order dated August 18, 2014 was reinstated as a final order.

Trial Court Opinion, 4/24/15, at 1-3 (references to trial exhibits omitted).

On appeal, Appellant raises one issue, "Did the [t]rial [c]ourt abuse its discretion by registering a child support order from Texas in Pennsylvania against Appellant, Mr. Coleman, which was obtained without due process?" Appellant's Brief at 6. More specifically, Appellant claims that the trial court abused its discretion because there was no evidence that service was made on Appellant for the May 29, 2008 hearing. Appellant alleges that the trial court never indicated when or where Appellant was "purportedly served with notice" and that "[n]o other papers, testimony, or other evidence were submitted to support that [Appellant] was served with notice of the May 29, 2008 hearing." Appellant's Brief at 9. Appellant seemingly argues that, because he presented evidence at the hearing on October 23, 2013 that service was deficient for the February 14, 2008 hearing, service was likewise deficient for the May 29, 2008 hearing. Appellant's Brief at 9. Appellant concludes that due to this failure to obtain service, Texas lacked personal jurisdiction over Appellant making the underlying support order invalid and unenforceable. Appellant's Brief 10.

Unfortunately, we find we are precluded from addressing the merits of Appellant's appeal, as we do not have jurisdiction to entertain this matter. The trial court entered a final order permitting registration of the Texas order on August 18, 2014. Appellant filed a timely motion for reconsideration on September 2, 2014, **see** Pa.R.A.P. 1701(b)(3)(i), seeking to have the trial court reconsider arguments already considered. His motion did not request a hearing to consider additional testimony. The trial court on

September 10, 2014 entered a timely order expressly granting Appellant's motion for reconsideration and vacating its August 18, 2014 order. *See* Pa.R.A.P. 1701(b)(3)(ii). In its September 10 order, the trial court indicated that it granted reconsideration in order to allow Appellant time to obtain new counsel so that counsel might have an opportunity to see if an agreement could be reached. Trial Court Opinion, 4/24/15, at 3. A hearing was set for December 2, 2014, which was continued to February 13, 2015 at the request of Appellant. No testimony was taken at this hearing, nor did the trial court indicate in its September 10 order that it felt testimony would be needed on Appellant's motion. On March 11, 2015, more than 120 days after granting the motion for reconsideration, the trial court denied Appellant's motion and reinstated its August 18, 2014 order as the final order in this case. Appellant thereafter filed his notice of appeal on April 9, 2015.

Pa.R.C.P. 1930.2(b), relating to motions for reconsideration in domestic relations matters, provides that an aggrieved party may file a motion for reconsideration in accordance with Rule of Appellate Procedure 1701(b)(3). Rule 1930.2(c) requires that the reconsidered decision be rendered within 120 days of the date the motion for reconsideration is granted. If the reconsidered decision is not rendered within 120 days, the motion shall be deemed denied. *Id.* At the time the court grants reconsideration, or within the 120 day period, if the court issues an order that additional testimony is be taken, then the reconsideration decision does

not have to be rendered within 120 days and the time for filing a notice of appeal will run from the date the reconsidered decision is rendered. *Id.* Here Appellant filed a timely motion for reconsideration. However, due to the continuance granted, the trial court did not render its decision until March 11, 2015, more than 120 days after the September 10, 2014 order granting reconsideration. Because the trial court did not indicate that it would take testimony on the motion, the trial court was obliged to render its decision within 120 days of September 10, 2014. It did not do so, but instead, issued its decision on March 11, 2015, almost six months after granting the motion for reconsideration. As such, the trial court no longer had jurisdiction as of March 11, 2015 to render its reconsideration decision. By operation of law Appellant's motion for reconsideration was deemed denied 120 days after the motion was filed on September 10, 2014. *See* Pa.R.C.P. 1930.2(c). Appellant, therefore, had 30 days commencing from the 121st day after the granting of his motion for reconsideration on September 10, 2014, or until January 8, 2015, within which to file his appeal from the trial court's August 18, 2014 order. *See* Pa.R.C.P. 1930.2(d). Since Appellant's notice of appeal was not filed until April 9, 2015, his appeal to this Court is untimely, and we are without jurisdiction to consider this matter. We therefore, must quash this appeal.

Nonetheless, were we able to consider the merits of this appeal, we would conclude Appellant is not entitled to relief. We review a trial court's decision regarding the registration of a foreign support order for manifest

abuse of discretion or error of law. *Simpson v. Sinclair*, 788 A.2d 1016, 1017 (Pa. Super. 2001) (citation omitted). Registration of foreign support orders is provided for under Section 7602 of the Divorce Code. 23 Pa.C.S.A. § 7602. Pursuant to Section 7607 of the Divorce Code, "[the] party contesting the validity or enforcement of a registered support order or seeking to vacate the registration has the burden of proving any of the following defenses: (1) [t]he issuing tribunal lacked personal jurisdiction over the contesting party." 23 Pa.C.S.A. § 7607(a)(1); *See also Sinclair*, 788 A.2d at 1019 ("There is nothing in the Act suggesting it is [appellee]'s burden to prove jurisdiction; it is [the contesting party]'s burden to disprove it."). Section 7607 further provides that "if the contesting party does not establish a defense under subsection (a) to the validity or enforcement of the order, the registering tribunal shall issue an order confirming the order." 23 Pa.C.S.A. § 7607(c).

Here, the trial court held:

[Appellant]'s statement that the State of Texas "provided no proof of service on the [Appellant]" misapprehends the legal requirements of the underlying proceeding. [Appellant] has the burden to prove lack of service when he contests registration of a support order issued in another state: "A party contesting the validity or enforcement of a registered order or seeking to vacate the registration has the burden of proving any of the following defenses: (1) The issuing tribunal lacked personal jurisdiction over the contesting party. (2) The order was obtained by fraud. . . . ." 23 Pa.C.S.[A.] § 7607[a(1), (2)].

As stated in this court's Draft Opinion of January 31, 2014 (Exhibit "A", pp.2 and 5), and in the Trial Opinion dated August 14, 2014 (Exhibit "B", p. 8), while [Appellant] presented

testimony that service by the Texas court was apparently made at an address which was not [Appellant]'s address for the hearing date of February 14, 2008, there was no testimony whatsoever about service for the hearing date of May 29, 2008, when the order for support was entered, not even that he was never served a hearing notice for that date.

Moreover, the May 29, 2008 order produced by [Appellant] contains a finding that [Appellant] "although duly notified, did not appear." Trial Exhibit D-1 (hereinafter, "Texas order"). . . . . [H]aving produced no evidence whatsoever about receipt or service of notice to appear for the May 29, 2008 hearing, [Appellant] has not met his burden of proving lack of personal jurisdiction.

Trial Court Opinion, 4/27/15, at 3-4. As such, we would not find that the trial court abused its discretion or committed an error of law in registering the contested child support order. *See* 23 Pa.C.S.A. § 7607(c).

Appeal quashed.
Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/3/2016

- 7 -