J-A14021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| J.A.R. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| R.L.M. | |
| Appellant | No. 1306 MDA 2015 |

Appeal from the Order Entered June 26, 2015
In the Court of Common Pleas of Northumberland County
Civil Division at No(s): 1397-CV-2015

BEFORE:  BOWES, J., OTT, J., and PLATT, J.[*]

MEMORANDUM BY OTT, J.:                           **FILED JULY 06, 2016**

R.L.M. ("Father") appeals from the order entered June 26, 2016, registering and confirming a foreign support award, issued by the Supreme Court of British Columbia, which directs Father to pay $671.89 per month in child support to J.A.R. ("Mother").  On appeal, Father contends the trial court abused its discretion in registering the award because the Supreme Court of British Columbia lacked personal jurisdiction over him at the time it issued the child support order.  For the reasons that follow, we affirm.

We have gleaned the following facts and procedural history from the record.  Mother and Father were married in Pennsylvania in December of 1996, and have two children, H.M, born in September of 2000, and R.M.,

_____

[*] Retired Senior Judge assigned to the Superior Court.

born in May of 2002. The parties subsequently separated in July of 2008, and divorced in October of 2011. Sometime in 2011, Mother moved to British Columbia and has since remarried.

Initially, the children resided with Father in Northumberland County, Pennsylvania. Mother filed a petition to modify custody in February of 2012, and a hearing was conducted in March 2012. After a June 2012 visit with Mother in British Columbia, the children indicated they did not want to return to Pennsylvania to live with Father. Physical custody was then awarded to Mother. On March 27, 2013, the Domestic Relations Hearing Officer ("DRHO") filed a Report and Recommendation stating "the parties reached an agreement on all but two issues which counsel agreed would be the only issues preserved for Exceptions." Report and Recommendation, 3/27/2013, at 1. Those two issues concerned the allocation of the certain costs. *See* Order, 3/28/2013, at n.1. The court thereafter approved as a final order the portion of the Report and Recommendation "which the parties mutually agreed to on the record under oath in the presence of the Hearing Officer[.]" Order, 3/28/2013. Relevant for our purposes, the Report and Recommendation contained the following provision regarding jurisdiction:

> This court [Northumberland County] retains exclusive and continuing jurisdiction of this case until further order of court. This court does not enter any determination regarding jurisdiction over child support which Mother may [bring] in her choice of location.

Report and Recommendation, 3/27/2013, at ¶ 31.

Thereafter, the parties continued to file applications for relief in both Pennsylvania and British Columbia. On April 28, 2014, the Honorable Mr. Justice Butler of the Supreme Court of British Columbia entered a judgment on Mother's applications requesting the Canadian court assume jurisdiction over the children and order Father to pay child support. The Canadian Court determined that British Columbia should take jurisdiction over custody issues involving the children, and directed Father to "file a sworn financial statement within 30 days" so that Mother's child support application could be reviewed. Oral Reasons for Judgment, 4/28/2014, at ¶ 40.[1] For some of the Canadian proceedings, Father retained counsel, who filed responses to Mother's applications, and requested continuances. However, Father also appeared *pro se* at times. He participated in the Canadian hearings *via* telephone, and objected to the court's jurisdiction.

On June 26, 2014, the Supreme Court of British Columbia entered a interim order, which imputed to Father an annual income of $50,000 Canadian dollars, and directed him to pay $758 Canadian dollars per month in child support.[2] On January 28, 2015, Mother filed a Notice of Registration of the June 26, 2014, Order in Northumberland County, seeking to enforce

---

[1] This judgment can be found at the following web address: http://www.courts.gov.bc.ca/jdb-txt/SC/14/07/2014BCSC0782.htm.

[2] The trial court estimated the Canadian dollar calculations to be $38,182.00 of imputed yearly income, and $671.89 of monthly support. **See** Trial Court Opinion, 11/10/2015, at 1 n.3.

the Canadian order pursuant to Pennsylvania's Uniform Interstate Family Support Act ("UIFSA"), 23 Pa.C.S. § 7101 *et seq*. Father filed a *pro se* response on February 17, 2015, contending, *inter alia*, that the issuing tribunal, the Supreme Court of British Columbia, had no personal jurisdiction over him and that the child support order was, consequently, unenforceable. *See* Response, 2/17/2015, at unnumbered 17. The trial court held a hearing on April 28, 2015.[3] Thereafter, on June 26, 2015, the trial court entered an order registering and confirming the aforementioned foreign

_____

[3] We note that, although the transcript from the April 28, 2015, hearing is included in the reproduced record, it is not in the certified record. As we have explained:

> This Court may review and consider only items which have been duly certified in the record on appeal. Furthermore, a document not filed of record does not become part of the certified record by merely making a reproduction and placing that reproduction in the reproduced record. For purposes of appellate review, what is not of record does not exist.

*Rosselli v. Rosselli*, 750 A.2d 355, 359 (Pa. Super. 2000) (citations omitted), *appeal denied*, 764 A.2d 50 (Pa. 2000). "[I]t is an appellant's duty to ensure that the certified record is complete for purposes of review." *Commonwealth v. Lopez*, 57 A.3d 74, 82 (Pa. Super. 2012) (citation omitted), *appeal denied*, 62 A.3d 379 (Pa. 2013). Furthermore, the fact that Father is proceeding *pro se*, does not excuse the record deficiency: "any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing." *Rich v. Acrivos*, 815 A.2d 1106, 1108 (Pa. Super. 2003) (citations omitted). Nevertheless, Father's omission has not impeded our review.

support order, and directing Father to pay $671.89 per month in child support. Order, 6/26/2015. This timely appeal followed.[4]

On appeal, Father argues the trial court erred in concluding the Supreme Court of British Columbia had personal jurisdiction over him at the time it issued the June 26, 2014, child support order. Father states he has never been to British Columbia, and he participated in the proceedings only by telephone and only to object to the Canadian court's jurisdiction. **See** Father's Brief at 8. Moreover, he contends that under the controlling precedent of the Supreme Court of Canada in **Club Resorts Ltd. v. Van Breda**, 2012 SCC 17, [2012] 1 S.C.R. 572,[5] there were no "'presumptive connecting factors' that would support a finding of jurisdiction over [him] by the courts of British Columbia." Father's Brief at 17. Father also contends the trial court misapplied the law, and drew unreasonable conclusions from the facts in making its decision. **Id.** at 19-22. Lastly, Father notes the jurisdictional provision in Pennsylvania's UIFSA provides additional support for his position. **Id.** at 22-24, citing 42 Pa.C.S. § 7201.

---

[4] On July 30, 2015, the trial court ordered Father to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Father complied with the court's directive, and filed a concise statement on August 17, 2015.

[5] This decision can be accessed via the following website: http://scc-csc.lexum.com/scc-csc/scc-csc/en/item/8004/index.do.

"In reviewing a decision concerning the registration of a foreign support order, our standard of review is whether the trial court manifestly abused its discretion or committed an error of law." *Simpson v. Sinclair*, 788 A.2d 1016, 1017 (Pa. Super. 2001) (citation omitted), *appeal denied*, 806 A.2d 862 (Pa. 2002).

Under the UIFSA, a party may register a foreign support order in Pennsylvania. 23 Pa.C.S. § 7601. Once the order is registered, it "is enforceable in the same manner and is subject to the same procedures as an order issued by a tribunal of this State." 23 Pa.C.S. § 7603(b). The non-registering party may contest the validity or enforcement of a registered order by proving, *inter alia*, "[t]he issuing tribunal lacked personal jurisdiction over the contesting party." 23 Pa.C.S. § 7607(a)(1). Section 7607 further provides: "If the contesting party does not establish a defense under subsection (a) to the validity or enforcement of a registered support order, the registering tribunal shall issue an order confirming the order." 23 Pa.C.S. § 7607(c).

Here, the trial court concluded Father did not prove the Canadian court lacked personal jurisdiction over him. Trial Court Opinion, 11/10/2015, at 4. First, the court explained Father "took no steps [t]o challenge personal jurisdiction before the Canadian court outside of repeatedly asserting his objection to the proceedings without stating any legal basis for the same." *Id.* at 3. Moreover, after the Supreme Court of British Columbia issued its April 2014, reasons for judgment, Father did not "object to, appeal, or

otherwise contest the validity of or seek review of these reasons for judgment, nor of the resultant June 26, 2014 order." *Id.* at 4. Second, the trial court pointed to the parties' agreement, set forth in the March 27, 2013, Report and Recommendation of the DRHO, that Mother "was not limited to seeking child support only in Pennsylvania[.]" *Id.*

We find the parties' agreement, memorialized in the DRHO's Report and Recommendation, to be dispositive. "Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982). Indeed, it is well-established that "a court's jurisdiction over the person may be conferred by consent or agreement." *Commonwealth ex rel. Rothman v. Rothman*, 223 A.2d 919, 922 (Pa. 1966). *Accord Wagner v. Wagner*, 768 A.2d 1112, 1119 (Pa. 2001).

Here, the parties specifically agreed that while the Northumberland County court would retain jurisdiction over the custody issues until further order, Mother could bring a child support action "in her choice of location." Report and Recommendation, 3/27/2013, at ¶ 31. Father conveniently ignores this provision in his brief, and argues that the "[c]ontrolling precedent of the Canadian Supreme Court demonstrates that the British Columbian Supreme Court lacked personal jurisdiction" over him when it entered the June 26, 2014, support order. Father's Brief at 9. However, the parties' agreement, and Father's acquiescence to the jurisdiction of Mother's

"choice of location" on the issue of child support, supersedes reliance on Canadian precedent.[6]  Indeed, in Pennsylvania, a party may consent to jurisdiction.  **Wagner**, **supra**.

Therefore, we conclude, as did the trial court, that Father did not establish "[t]he issuing tribunal lacked personal jurisdiction"[7] over him, and his challenge to the registration of the foreign support order must fail.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/6/2016

---

[6] We note, as did the trial court, that Father failed to appeal the decision of the Supreme Court of British Columbia to the Court of Appeal.  **See** http://www.scc-csc.ca/court-cour/sys-eng.aspx (decisions of the Supreme Court of British Columbia may be appealed to the Court of Appeal, which is the highest court in the province of British Columbia, and, upon an adverse ruling, to the Supreme Court of Canada).  Therefore, to the extent Father argues the decision of the Supreme Court of British Columbia was wrongly decided under Canadian law, we agree he has waived that claim.  **See** Trial Court Opinion, 11/10/2015, at 3-4.

[7] 23 Pa.C.S. § 7607(a)(1).