J. S06031/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ALLISON P. BURNS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DAVID B. THOMAS, | : | No. 2864 EDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered August 28, 2019,
in the Court of Common Pleas of Lehigh County
Domestic Relations Division at No. DR-07-01312

BEFORE:  LAZARUS, J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MARCH 24, 2020**

David B. Thomas ("Father") appeals from the August 28, 2019 order entered in the Court of Common Pleas of Lehigh County, denying his objection to registration of a foreign support order and confirming registration.  We affirm.

The trial court set forth the following:

> On or about April 29, 2019, [Father] received a Notice of Registration of Order – UIFSA Case.  The Notice of Registration was a request from the State of Nevada to Lehigh County, Pennsylvania to register and enforce their [o]rder of August 20, 2013, and filed November 1, 2013.  Subsequent to this [o]rder, a [s]tipulation and [o]rder dated September 1, 2015 was entered into between [Father] and [] Allison Burns [("Mother")].  The [s]tipulation and [o]rder provides, in part, that there shall be no child support obligation and no arrears owed by [Father] contingent upon the termination of his parental rights to his minor child, [] born [in] February [of] 2006.

> Then, on May 15, 2019, [] the Honorable Douglas G. Reichley, ordered the Lehigh County Domestic Relations case closed based upon the [s]tipulation and [o]rder terminating [Father]'s support obligations. However, recognizing and determining that the condition of the termination of [Father]'s parental rights to his minor child was not met or verified, Judge Reichley, by [o]rder of June 7, 2019, vacated the [o]rder of May 15, 2019.
>
> Thereafter, [Father] filed timely objections to the Notice of Registration and Order. A hearing was held on August 28, 2019.

Trial court's Rule 1925(a) opinion, 10/1/19 at 1-2.

Father filed a timely notice of appeal. The trial court did not order Father to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), but the trial judge did file a Rule 1925(a) opinion.

Father raises the following issue for our review:

> Whether the [trial] court erred as a matter of law in denying [Father's] [o]bjection to [r]egistration of [the f]oreign [s]upport [o]rder?

Father's brief at 3.

"In reviewing a decision concerning the registration of a foreign support order, our standard of review is whether the trial court manifestly abused its discretion or committed an error of law." ***Simpson v. Sinclair***, 788 A.2d 1016, 1017 (Pa.Super. 2001), ***appeal denied***, 806 A.2d 862 (Pa.2002); ***see also Casiano v. Casiano***, 815 A.2d 638, 641 (Pa.Super. 2002), ***appeal denied***, 829 A.2d 1156 (Pa. 2003).

"A party contesting the registration of a foreign support order has the burden of proving" in relevant part, that the "order has been vacated, suspended or modified by a later order" or that the "alleged controlling order is not the controlling order. 23 Pa.C.S.A. §7607(a), (a)(3) & (8). In order to obtain relief, the contesting party must present "evidence establishing a full or partial defense." *Id.* at (b).

Here, Father contends that the following clauses of the stipulation caused him to believe his parental rights were terminated:

> IT IS HEREBY STIPULATED AND AGREED that the intention of [Father] is to have his parental rights to the minor child terminated. It is the intention of [Mother] to agree that [Father's] parental rights will be terminated.
>
> IT IS FURTHER STIPULATED AND AGREED that [Mother] shall have sole legal and sole physical custody of the minor child[]. [Father] shall not have any visitation or any contact whatsoever with said minor child;
>
> IT IS FURTHER STIPULATED AND AGREED that based upon this agreement, as of August 1, 2015, and **contingent upon the termination of [Father']s parental rights**, there shall be no child support obligation from [Father] to [Mother].

Stipulation and order, 9/1/17 at 1-2 (emphasis added).

Clearly, however, the stipulation states that the termination of Father's child support obligation is "contingent upon the termination of [his] parental rights[.]" *Id.* at 2. Moreover, Father's belief does not constitute evidence that Father terminated his parental rights. Indeed, the record reflects that

Father acknowledged that he did not terminate his parental rights and that it was his intent to go back to Nevada and do so. (Notes of testimony, 8/28/19 at 7.) Father further acknowledged his understanding that if he does not terminate his parental rights, he will be responsible for the foreign support order in Pennsylvania. (*Id.*)

Therefore, we conclude that the trial court properly determined the stipulation and order was not a defense to the registration of the Nevada support order. Appellant's challenge to registration must fail.

Order affirmed.

Judgment Entered.

JosephD.Seletyn,Esq.
Prothonotary

Date: 3/24/2020